Pemberton v. Pemberton.

⸻

PEMBERTON, Plaintiff in Error, v. PEMBERTON et al., Defendants in Error.

1. A bequest of personal property by a husband to his wife would be no bar, under the tenth section of the dower act of 1845, (R. C. 1845, p. 431,) to her right of dower in the real estate of the husband.

2. Whether such a bequest would, if accepted, be a bar to the widow's right of dower in the residue of the personal estate must depend upon the intent and meaning of the will of the husband. If it is manifest from a fair con-

struction of the will that the testator intended the bequest to be in lieu of dower, the widow must make her election; she can not accept the bequest and also claim dower as allowed by law.

3. If a husband bequeaths to his widow a slave belonging to his children by a former marriage, and makes those children his residuary legatees, they will be put to their election, either to relinquish the slave or to renounce the legacies; they can not take both under and against the will.

*Error to Callaway Circuit Court.*

In 1853 Edmund Pemberton, the husband of Jane Pemberton, the plaintiff, died, having made a will, which substantially is as follows: "Know all men, &c., that I, Edmund Pemberton, of, &c., do this 29th day of April, 1853, make my last will and testament as follows: First, my funeral expenses and all my just debts to be paid; second, I will and bequeath to my wife Jane Pemberton a certain portion of my land, commencing, &c., [describing a tract of about eighty-six acres, including the dwelling house,] to belong to her with all the appurtenances thereunto belonging during her natural life or widowhood, and then to belong to my three youngest children William R. Pemberton, Thomas M. Pemberton, Franklin P. Pemberton; thirdly, I also will my wife the household and kitchen furniture, with the exception of three beds, bedsteads and furniture; fourthly, one dun mare and colt, and one bay mule; fifthly, two cows and calf; sixthly, twenty head of hogs; she is to select them from the lot of hogs; seventhly, she is also to have fifteen head of sheep; she is to select them from my flock; eighthly, she is also to have my small wagon and harness; ninthly, she is also to have two diamond plows, one a two-horse plow, the other a one-horse plow, and two hoes; tenthly, she is also to have all the wheat that is cleared out and boxed up; eleventhly, I also will my wife Jane Pemberton my negro boy Lewis; twelfthly, all the corn that is in the crib at this time is to be used by and for the benefit of the family that remains on the farm the present year. The above named negro boy is at the death or marriage of my wife Jane Pemberton to belong to my three youngest children as the land. The

above named beds are to be good feather beds, good bedsteads and furniture. The above named beds I will and bequeath, one to my son James R. Pemberton, one to my son Edmund P. Pemberton, one to my son Joseph H. Pemberton. All the produce that is raised on the farm the present year I will one-half to my wife Jane Pemberton, the other half to 'be equally divided between Edmund P. Pemberton and Joseph H. Pemberton. All the tobacco on hand, negroes, land, and all the property not heretofore named is to be sold at public auction, the proceeds thereof first to pay all my just debts, the balance to be equally divided between my six oldest children, John Q. Pemberton, James R. Pemberton, Edmund P. Pemberton, Joseph H. Pemberton, Martha A. Gilbert, Mary Bradley; and lastly, by these presents, I appoint my son Edmund P. Pemberton my whole and sole executor," &c.

The widow Jane Pemberton seeks in the present suit to have dower assigned her in the proceeds of certain slaves, Abigail, Rachel, Sanders, and Martha, that had been sold by the executor of the will of said Edmund Pemberton. The defendants are the six oldest children of said Edmund Pemberton, being his children by a former marriage. They in their answer set up that said slaves belonged to them by virtue of a gift from their grandfather Nehemiah Hendley, the father of Edmund Pemberton's first wife, who, it is alleged, gave said slaves to his daughter Susan Pemberton for life with remainder to her children. Defendants also claim said slaves under the will of Edmund Pemberton. After the death of said E. Pemberton, the defendants recovered possession by suit of said slave Lewis from the widow Jane Pemberton, on the ground that said slave belonged to them under the gift of their grandfather and not to their father.

This cause was tried by the court without a jury; the court found for the defendants, holding the plaintiff barred of dower in the personalty by her election to take under the provisions of the will and her acceptance of the property devised to her.

Pemberton v. Pemberton.

*Jones & Hayden,* for plaintiff in error.

I. The devise of the real estate and the several bequests of personal property and the slave Lewis do not bar the widow of dower in the personal estate. Such provisions, although accepted, do not preclude her from claiming dower in the perssonal estate. (2 Story Eq. § 1088; 1 White & Lud. L. Cas. 311; Co. Litt. 176, *b.*; 16 Mo. 242; 21 Mo. 519; 24 Mo. 176; 23 Mo. 398; 5 Mo. 183; 18 Mo. 389; 19 Mo. 469; 9 Mo. 10; 2 Sch. & Lef. 452; 8 Paige, 325; 5 Paige, 597; 5 Dana, 345; Riley's Ch. 205; 2 Yeates, 433; 4 Johns. Ch. 9; 10 Paige, 366; 1 Sandf. 325; 5 Hill, 206; 2 Denio, 430; 2 Hill, Ch. 46; 1 Speers' Eq. 322; 5 Dana, 345; Saxt. Ch. 217; 4 Hen. & Mun. 23; 4 Dess. 274; 1 Benn. 565; 4 Dall. 415; 3 Yeates, 10.)

II. If such devise and bequests bar her dower in the personal estate, she is entitled, in the case of the failure of the title to the slave Lewis, to have the deficiency made up out of the personal estate. (4 Kent Com. 54, 55; Plowden, 525; Litt. Sec. 287; Co. Litt. 185, *b.*; Perkins, § 526; Doctor & Student, 1, 2, 126, 300; 3 Co. 29, *a.*)

*Ansell,* for defendants in error.

I. The widow was barred of a right to dower in the personalty. She was put to her election. She can not claim under and against the will. (See 2 Story Eq. p. 440; 3 Yeates, 10; 7 Cow. 287; 3 Fairf. 138; 8 Gratt. 83; Addis, 350; 2 Yeates, 302; 27 Engl. L. & Eq. 154; 1 Den. & War. 94; 4 Monr. 265; 5 Monr. 58; 4 Dess. 146; 2 McCord Ch. 280; 7 Cranch, 370; 5 Call, 481; 1 Edw. 535; 3 Russ. 192; 2 Dana, 343.) The second instruction asked was properly refused. The petition does not allege any partial failure of the provision made for the widow in the will. There is nothing said about the slave Lewis in the petition.

SCOTT, Judge, delivered the opinion of the court.

This is a suit for the assignment of dower under the dower law of the code of 1845. The testator having devised both

real and personal estate to his wife, the question arises whether that devise, if accepted, bars the widow's right to dower in both the real and personal estate. The tenth section of the dower act of the code of 1845, and which is continued in the present code, provides, if any testator by will shall pass any real estate to his wife, such devise shall be in lieu of dower out of the real estate of her husband whereof he died seized, unless the testator, by his will, otherwise declare. In the case of Halbert v. Halbert, 19 Mo. 453, it was held that the bequest of a slave to a wife, under the section just referred to, did not bar her dower in the real estate. The spirit of this decision is that the tenth section of the act relates to dower in the real estate only, and does not affect the wife's dower in the personalty. We are of the opinion that this is the obvious intention of the act, and that the section was designed only to extend to real estate, and left the question, how far a bequest of personal estate would bar dower in such estate, to be determined by the rules of the common law. Our statute, unlike the common law, gives a legal right to dower both in the personal and real estate ; and a devise or bequest in one is no bar to dower in the other, unless it is so declared by the testator.

This case, then, presents the question, whether the bequest of the personalty to the wife is a bar to her right of dower in the residue of such estate, or whether it is cumulative and to be received in addition to dower. Story thus states the rule : " If a testator should bequeath property to his wife manifestly with the intention of its being in satisfaction of her dower, it would create a case of election. But such an intention must be clear and free from ambiguity ; and it will not be inferred from the mere fact of the testator's making a general disposition of all his property, although he should give his wife a legacy ; for he might intend to give only what was strictly his own subject to dower. There is no repugnancy in such a devise or bequest to her title to dower. Besides, the right to dower being in itself a clear legal right, an intent to exclude that right by a voluntary gift ought to

be demonstrated either by express words or by clear and manifest implication. In order to exclude it, the instrument itself ought to contain some provision inconsistent with the operation of such legal right." ~ (§ 1088.) In the case of Herbert and others v. Wren and others, 7 Cranch, 378, Judge Marshall says, " It is a maxim of a court of equity not to permit the same person to hold under and against a will. If, therefore, it be manifest, from the face of the will, that the testator did not intend the provision it contains for his widow to be in addition to dower, but to be in lieu of it; if his intention, discovered in other parts of the will, must be defeated by the allotment of dower to the widow, she must renounce either her dower, or the benefit she claims under the will. But if the two provisions may stand well together, if it may fairly be presumed that the testator intended the devise or bequest to his wife as additional to her dower, then she may hold both." In that case, on the will itself, the court determined that the testator did not intend the provision made for his wife to be additional to her dower, and she was not permitted to hold both.

This court would have been aided in its deliberations, if the parties had put the inventory and appraisement of the estate in the bill of exceptions, that it might plainly appear what proportion the personalty bequeathed to the wife bore to the whole estate. But, notwithstanding this omission, the record furnishes some guide on this subject, and satisfies us that the dower given by law did not greatly, if any, exceed the provision made by the will. The family residence is devised to the wife, with a portion of the adjoining farm; the testator evidently contemplating that his widow would carry on the business of farming after his death. Now the particularity with which he specifies the number of each kind of stock, and the various kinds of implements of husbandry, is entirely inconsistent with the idea that she should have any others than those enumerated. Such an enumeration was entirely unnecessary if she was to have any more than what was enumerated. The statute giving dower in

27—VOL. XXIX.

personalty says it is in the personal estate. The testator, therefore, seems to have given a share in every part of it when he did not give the whole. No one acquainted with the modes of thinking and doing business prevailing among the people of Missouri would ever say that the testator, in the will before us, intended that the widow should take both her dower and the provision made for her by the will out of the personal estate. Our statute declares that all courts and others concerned in the execution of last wills shall have due regard to the directions of the will and the true intent and meaning of the testator in all matters brought before them.

The facts of this case present one of election on the part of the defendants. Story says (§ 1076) " If a testator should devise an estate belonging to his son or heir at law to a third person, and should in the same will bequeath to his son or heir at law a legacy of one hundred thousand dollars, or should make him the residuary devisee of all·his estate, real, personal and mixed, it would be manifest that the testator intended that the son or heir should not take both to the exclusion of the other devisee ; and therefore he ought to be put to his election which he would take ; that is, either to relinquish his own estate or the bequest under the will." This would be a case of implied or constructive election. The facts of the present case bring it clearly within the principle stated. The testator devised a slave belonging to the children of his former wife to the plaintiff and made those children his residuary legatees. Now those legatees can not take under the will and against it. If they will take the legacy, they must renounce the slave bequeathed to the wife. The testator did not intend that they should take both to the exclusion of his wife. They must, therefore, be put to their election either to give up the slave, or to hold their legacy of the residue of the estate subject to the claim of the wife for the value of the slave. (Story's Eq. § 1082, 3, 4.) As this proceeding was not prepared with an eye to any such relief, the judgment will be reversed at the costs of the plaintiff, and

the cause remanded that the petition may be amended, if the plaintiff desires to do so.

Judge Napton concurring, judgment reversed and cause remanded.