MARTHA A. BOOTH *v.* E. A. STEBBINS, adm'r.

1. DOWER — BEQUEST NO BAR UNLESS SO EXPRESSED. — A bequest of personal estate to the widow, not expresly in lieu of her legal share of the real estate, is not a bar to dower; and in such case no renunciation by the widow is necessary to entitle her to dower.

APPEAL from the probate court of Madison county. COOPER, J.

The opinion of the court states the facts of this case.

*George L. Potter*, for appellant.

There are, by consent, two cases in this transcript, viz.: on petition of appellant, for dower in lands, and by appellee, for a sale of lands to pay debts. As I am

informed, the latter has been confirmed, and therefore no brief is filed in relation to it.

The defence to the claim of dower is an alleged provision by the will of the husband, and a failure to renounce in due time. To this defence there are three answers :

1. There was no proof to show when the will was probated, and thus to prove the alleged bar. The bill of exceptions shows an offer, by appellant, to make certain proofs, including date of probate, but the evidence was excluded, on the objection of appellee.

2. The will contains no provision under which the widow is barred of dower in the real estate. The testator first constituted his mother trustee or executrix, with power to sell, etc., a large part of his estate, to pay a debt due to her. Then he constituted his wife permanent executrix, and guardian of his children, with power " to sell, dispose of, convey, mortgage and control " the residue, real and personal, during widowhood. In this clause there is nothing given as a bequest to the widow. There is but an official power, as executrix and guardian, to manage and dispose of part of the estate; and in the exercise of that power she could do nothing, except as executrix or guardian. In the one capacity or the other she would be liable and accountable for every dollar she received. The reasonable construction of this clause is, that it was not intended, in any sense, as a provision for the widow. It gives no property to her, not even the use of any part of it. As "executrix" she would stand as other like trustees, bound to pay debts, and to account, whilst, as "guardian," her duties and liabilities would be plain. This view is confirmed by a subsequent clause. If she marries, all the property she might thus become " possessed of " is to vest in the new guardian required to be appointed. It is only in the event of her marriage that she is entitled to anything for her own use, to wit. : " perishable " or personal

property, to be selected by her to the value of $500. The will does not give her any part of the property committed to her management, as executrix or guardian, and it contains no "devise or bequest" to her, within the provision of the statute, except the limited value of personalty, given in case of her marriage. Almost, this contingent bequest could affect only her dower in the personal estate. Code 1857, p. 469, § 170.

3. As before stated, there are, in this transcript, two cases, and the counsel for the parties have agreed that they " shall be tried as one case." (See original transcript, p. 21.) Taking the whole record together it appears that the personal estate is largely insolvent, and that is the ground on which the administratrix seeks a sale of lands to pay debts. It is not pretended nor proved, that the appellant has yet received anything, and the fact is made plain that, because of large debts, still unpaid, nothing will pass to the widow, unless it be by way of dower. In such a case, even where there is an express devise and bequest to the widow, she is entitled to dower, notwithstanding her failure to renounce. Code 1857, § 170, latter clause; Collins v. Melton, 40 Miss. 243.

PEYTON, C. J.:

This is an appeal from a decree of the probate court of Madison county, dismissing the petition of Martha Ann Booth, widow of William A. Booth, deceased, praying that her ·dower may. be allotted to her in the lands, tenements and. hereditaments of which her said husband died seized and possessed. ·

It. is contended, on the ·part. of the appellee, that the appellant is barred of her dower by a provision made for her in the will of her husband, which was not renounced by her within the time prescribed by the statute.

The testator appointed the appellant executrix of

his will and guardian of his minor children, and gave her authority, as such executrix, to sell, dispose of, convey, manage and control his real and personal estate as she may deem best during her widowhood, except what was placed in charge of his mother, Eliza A. A. Booth, and bequeathed to her five hundred dollars worth of such of his perishable property as she may desire for her own use and benefit, to be selected by her at or before the time of her subsequent marriage.

In her fiduciary character, as executrix, she is intrusted with the disposition and management of the whole estate, with the above stated exception, and in that character she is answerable for the due and proper execution of the trusts of the will.

The only provision made for her own use and benefit, by the will, is the legacy of $500 worth of perishable property, to be selected by her. There is no devise to her, by the will, of any real estate, and, by reason thereof, she is believed to be entitled to dower under our statute, which provides that if the will of the husband devise a part of both real and personal estate, the widow shall renounce the whole, or be otherwise barred of her right to both real and personal estate.

But if the will devise only a part of the real estate, and no part of the personal estate, or if it devise only a part of the personal estate, and no part of the real estate, the devise shall bar her only of the personal or real estate, as the case may be: *Provided*, that if the devise of real or personal estate, or both, shall be expressly in lieu of her legal share in one or both, she shall accordingly be barred, unless she renounce the provision in the will, within the time prescribed by law.

But if, in effect, nothing shall pass by such devise, she shall not be thereby barred, whether she shall or not renounce as aforesaid, it being the intent of this act, and consonant to justice, that a widow, accepting or

abiding by a devise, in lieu of her legal right, shall be considered as a purchaser, for a fair consideration. Rev. Code of 1867, 469, art. 170.

In the case under consideration, as there was no devise of real estate, but only a bequest of personal property, and that not expressly in lieu of her legal share of the real estate, the appellant was not barred of her right to dower in the real estate. In such a case there was no necessity to renounce the provision of the will, in order to entitle her to dower in the real estate.

For these reasons, we are of opinion that the court below erred in dismissing the appellant's petition for an allottment of her dower.

The decree is, therefore, reversed, and the cause remanded.