GATHRIGHT *v.* GATHRIGHT.

Opinion delivered January 23, 1928.

1. WILLS—JURISDICTION IN EQUITY TO CONSTRUE.—If, under the terms of a will, it be doubtful what the rights and duties of the trustee are, he can resort to equity for proper construction and interpretation of the will.

2. WILLS—WHO MAY ASK FOR CONSTRUCTION OF WILL.—Persons interested under the terms of a will in its proper definition and enforcement may resort to equity for construction and interpretation thereof.

3. WILLS—RESIDUARY DEVISE.—A will devising "all the rest, residue, remainder of my estate" is to be understood in its usual and technical sense and covers all the remaining property of the testator, both real and personal.

4. WILLS—ELECTION OF WIDOW.—Where a husband's will made an absolute gift of both real and personal property to his wife, a subsequent item stating that such provision was in lieu of dower, did not, in view of Crawford & Moses' Dig., § 3538, limit the wife's share to what she would have received as dower, it having only the effect of requiring the widow to make her election.

5. WILLS—PRESUMPTION AS TO DEVISE TO WIFE.—Under the common law, the testator will not be presumed to have intended a devise to his wife to be a substitute for dower unless the claim of dower would be inconsistent with the will or so repugnant to its provisions as to disturb and defeat the will, but such devise will be presumed to be in addition to dower.

6. WILLS—OBLIGATION OF WIDOW TO PAY HUSBAND'S DEBTS.—Where a widow takes dower under the law instead of a devise in the

will in lieu of dower, she is under no obligation to pay the husband's debts.

Appeal from Little River Chancery Court; *C. E. Johnson,* Chancellor; affirmed.

### STATEMENT OF FACTS.

J. F. Gathright and others brought this suit in equity against Lillian M. Gathright for the purpose of construing a will and having a trust declared in their favor to certain property which they claimed fell to them under the provisions of the will of W. M. Gathright. The suit was defended on the ground that the property claimed by the plaintiffs was devised to the defendant under the will.

W. M. Gathright died testate in Little River County, Arkansas, and left surviving him his widow, Lillian M. Gathright, and his brothers and sisters and descendants of brothers and sisters as his sole heirs at law. Under the second clause of his will he directed the payment of all his just debts and funeral expenses. Under the third item, he bequeathed to his sisters and brothers, who are specifically named in the item, the sum of one dollar each. The fourth item of the will reads as follows:

"All the rest, residue, remainder of my estate, real, personal, moneys, notes, accounts and choses in action, wherever situated, of which I may die seized and possessed, or to which I may be entitled at the time of my decease, I give, bequeath and devise to my beloved wife, Lillian M. Gathright, to have and to hold the same to her absolutely and forever."

The fifth item of the will is as follows:

"This provision for my wife is to be in lieu of dower in my estate."

Under the sixth item the testator authorizes his executrix to sell and dispose of all or any of his real estate on such terms as she shall deem proper and to execute deeds therefor. Item seven provides that, if any bequest shall lapse, it shall form a part of his residuary estate and be disposed of under item four of the

will. Item eight nominates Lillian M. Gathright, his beloved wife, as executrix, without bond.

The testator died leaving an estate valued at about $150,000, consisting of real and personal property.

The court sustained a demurrer to the complaint, and it was declared that the complaint of the plaintiffs be dismissed for want of equity. The case is here on appeal.

*W. C. Rodgers,* for appellant.

*James D. Head,* for appellee.

HART, C. J., (after stating the facts). It is the settled law in this State that if, under the terms of the will, it be doubtful what the rights and duties of the trustee are, he can resort to equity for a proper construction and interpretation of the will. For the same reason those interested under its terms in the proper definition and limitation of the trust and enforcement thereof may come to such court for like relief. *Booe* v. *Vinson,* 104 Ark. 439, 149 S. W. 524, and *Gaines* v. *Arkansas National Bank,* 170 Ark. 679, 280 S. W. 993. Hence the court was right in assuming jurisdiction of the case, and we also think was right in the interpretation of the will.

The testator first directed the payment of all his just debts and funeral expenses. He next made nominal bequests to his brothers and sisters. Item four is copied in our statement of facts, and is called the residuary clause of the will. The language of the fourth item, "all the rest, residue, remainder of my estate," is to be understood in its usual and technical sense, and covers all the remaining property of the testator, both real and personal. *Galloway* v. *Darby,* 105 Ark. 558, 151 S. W. 1014, 44 L. R. A. (N. S.) 782, Ann. Cas. 1914D, 712. Thus it will be seen that, under item four of the will, after paying his debts, funeral expenses and specific legacies, the testator gave all the remainder of his property, both real and personal, to his beloved wife, absolutely.

Under item five the provision in favor of the testator's wife is to be in lieu of dower in his estate. It is contended by the plaintiffs that this means that the

wife is to take under the will only that part of the estate that she would receive under the law as dower, and which, under our laws of descents and distributions, would be, in this case, one-half of the real and personal property absolutely. Crawford & Moses' Digest, § 3536.

We do not agree with counsel in this contention. Under the common law the testator will not be presumed to have intended a devise in his will to be a substitute for dower unless the claim of dower would be inconsistent with the will, or so repugnant to its provisions as to disturb and defeat the will. In other words, at common law it is held that, where the testator's intention was not apparent upon the will, the devise would be presumed to be in addition to dower. Page on Wills, 2 Ed., vol. 1, § 1190, page 1985, and numerous cases cited in a note to 22 A. L. R., at 501.

In the first place, it may be said that item four is not inconsistent with the view that it was the intention of the testator to only give his wife under the will what the law would give her as dower; and we do not believe that item four and item five are repugnant to each other. As we have already seen, when item four is construed with reference to the ordinary meaning of the language used in it, the testator gave his wife all his estate, charged with the payment of his debts, funeral expenses and the specific bequests to his brothers and sisters.

Then it will be asked, what was the meaning of item five? It will be noted that, under § 3538 of Crawford & Moses' Digest, if a husband shall devise to his wife any portion of his real estate of which he dies seized, it shall be taken in lieu of dower out of the estate of such deceased husband, unless such testator shall in his will declare otherwise. It will be noted that there is no such provision in our statutes with regard to personal property. The will under consideration bequeaths personal property and also contains a devise of real estate. It has been held, under statutes like that just referred to above, that a legacy of personal property will not put the widow to her election, as in the case of a devise of real

estate, unless expressly made in lieu of dower. *Booth* v. *Stebbins,* 47 Miss. 161; *Pemberton* v. *Pemberton,* 29 Mo. 408, and other cases cited in a note to 22 A. L. R. 50.

It will be seen that the object of item five in the will was to require the widow to make her election just as she would be required to do under our statute in case a devise of land in lieu of dower was made in accordance with the provision of § 3538 of Crawford & Moses' Digest. It will also be seen that there is no repugnancy whatever between item four and item five of the will, and that the widow's portion under item four is the remainder of the testator's property after paying his debts, funeral expenses and the specific legacies provided for in the will. The object of item five was merely to require the widow to elect whether she would take under the will or take dower under the statute.

Another reason for putting his wife to her election was that the testator did not know how long he might live or whether he would own much or little at the time of his death. As we have already seen, he wanted his debts to be paid first, and this his widow would be required to do if she took under the will. On the other hand, if she took dower under the law, this would be a legal right given her, and she would be under no obligation whatever to pay his debts.

The result of our views is that the decree of the chancellor was correct, and it will be affirmed.