KOLLAR *v.* NOBLE.

Opinion delivered October 5, 1931.

*M. F. Elms* and *W. A. Leach,* for appellant.

*Ingram & Moher,* for appellee.

MEHAFFY, J. Anton Kollar, a resident of Christian County, Illinois, was the owner of a rice farm consisting of 490 acres in Arkansas County, Arkansas, and,

in order to enable him to make and harvest the crop for 1924, he borrowed from the First National Bank of Stuttgart, Arkansas, $1,824.54 and gave his note therefor.

Anton Kollar died at his home in Illinois on the 18th day of February, 1924, and left surviving him Anna Kollar, his widow.

The will of Anton Kollar was filed in the County Court of Christian County, Illinois, and letters testamentary issued to John Gillespie, February 27, 1924.

The appellant filed with the county court of Christian County, Illinois, her deed of renunciation of the will of Anton Kollar. When Kollar died, he owed the First National Bank of Stuttgart, Arkansas, a balance on the note above referred to. The First National Bank was the only Arkansas creditor.

E. H. Noble was appointed by the probate court of Arkansas County as ancillary administrator and filed a bond which was signed by E. C. Benton as surety. Noble took charge of the Arkansas lands belonging to the estate of Kollar and received the rents therefrom. The bank's claim was allowed and paid. The following is the settlement filed by the ancillary administrator:

### RECEIPTS

Rents collected .................................................. $3,235.88

### DISBURSEMENTS

Paid premium on policy ................................................ $44.61
Attorney's fee allowed by court................................ 150.00
Administrator's fee ...................................................... 211.75
Court costs ...................................................................... 4.85
Paid claim of First National Bank...................... 2,770.59

3,181.80
Balance on hand .................................................. 54.08

Appellant's dower had never been assigned. The following is a copy of the will of Anton Kollar:

"I, Anton Kollar, of Pana in the County of Christian, and State of Illinois being of sound mind and mem-

ory, and considering the uncertainty of this frail and transitory life, ordain, publish, and declare this to be my last will and testament.

"First: I order and direct that my executor hereinafter named, pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"Second: After the payment of such expenses and debts, I direct my executor hereinafter named to sell at private or public sale all my real estate and personal property not hereinafter disposed of to the best advantage possible within five years from this date and from the proceeds thereof pay all my just debts which are not paid at the time and then my wife the sum of fourteen thousand dollars which I owe her. The balance of the proceeds to be divided as follows: one thousand dollars to Rose Berniker of Springfield, Illinois. The balance of proceeds to be divided into three parts, one part to my wife, one part to my son, and one part to my daughter. Until said real estate and personal properties disposed of by my executor as above set forth, I empower him with authority to manage said property, to collect rents and to repair and keep property up, and when sold I authorize him to make deeds of conveyance for the real estate and bill of sale for any personal property in case I have now or do in the future deed any property to my said wife, the fair cash value of said property is to be deducted from the sum of $14,000 above mentioned as owing her. The son named above is Dr. John A. Kollar of Chicago, and the daughter is Mrs. Emma Laino, (nee Emma Kollar) of Springfield, Illinois. All household goods I hereby give to my wife for her own use forever.

"Lastly, I make, constitute and appoint John Gillespie to be executor of this my last will and testament, hereby revoking all former wills by me made. In witness whereof, I have hereunto subscribed my name and affixed my seal, the 11th day of February of the year of our

Lord one thousand and nine hundred and twenty-four.

"Anton Kollar (Seal)

"This indenture was on the day of the date thereof, signed, published and declared by said testator, Anton Kollar, to be his last will and testament, in the presence of us, who at his request have subscribed our names thereto as witnesses, in his presence and in the presence of each other.

"Ernest L. White,

"John P. Moroney,

"Adolph Fillipitch."

The appellant filed her complaint in the circuit court of Arkansas County, describing the lands owned by said Anton Kollar in his lifetime, and alleging the amount collected as rents from said lands and the payment to the bank, and prayed judgment against the administrator and his surety and the First National Bank of Stuttgart, Arkansas, in the sum of $1,628.62 with interest, as her dower in said property.

The case was tried before the circuit judge, sitting as a jury, and the court found for the defendants and dismissed her complaint. The case is here on appeal.

We deem it unnecessary to set out the evidence because there is practically no dispute about the facts. We do not deem it necessary to set out the plaintiff's request for finding of fact. Plaintiff's request for declarations of law are as follows:

"No. 1. Refused by the court.

"The provisions in the will of Anton Kollar, deceased, for his widow Anna Kollar, are a gift of personal property and not real estate.

"No. 2. Refused by the court.

"The provisions in said will made by the said Anton Kollar for his widow, Anna Kollar, are not in lieu of dower, but in addition thereto.

"No. 3. Refused by the court.

"The provisions of said will, being a gift of personal property, are not in lieu of dower, and the said

Anna Kollar was not required, under the law, to file a renunciation in Arkansas on the provisions of the will.

"No. 4. Refused by the court.

"The renunciation filed by the said Anna Kollar in the county court of Christian County, Illinois, was a renunciation of the provisions of said will in full compliance with the laws of Illinois in such cases made and provided.

"No. 5. Refused by the court.

"The plaintiff, Anna Kollar, is entitled to one third of all the rents that come off the lands in Arkansas County, Arkansas, free and clear of all expenses of administration, that came into the hands of E. H. Noble as ancillary administrator of the estate of Anton Kollar and the said E. H. Noble and his bondsman, E. C. Benton, are liable to the said plaintiff for the one third of the rents received by such ancillary administrator."

The court gave all the requests for findings of fact except one, and that one is as follows: "The said Anton Kollar left him surviving no child or children nor descendants of any child or children." The court refused to make this finding of fact.

It is conceded under the will there was no real estate devised, but that the property devised was personal property. It therefore becomes unnecessary to discuss or refer to the many authorities to which attention is called in appellant's brief.

Section 3538 of Crawford & Moses' Digest is as follows: "If any husband shall devise and bequeath to his wife any portion of his real estate of which he died seized, it shall be deemed and taken in lieu of dower out of the estate of such deceased husband, unless such testator shall, in his will, declare otherwise."

But, since the property devised was personal property and not real estate, this section had no application, and is not important except it might be considered in connection with § 3526 for the purpose of properly construing the latter section. This section reads as follows: "If land be devised to a woman, or a pecuniary

or other provision be made for her by will in lieu of her dower, she shall make her election whether she will take the land so devised or the provision so made, or whether she will be endowed of the lands of her husband.''

It is contended by the appellees that the will made a pecuniary provision for the appellant in lieu of dower, and that it was therefore necessary for her to file a deed of renunciation in Arkansas County. If the provisions in the will for the wife were in lieu of dower, she would have no right to dower in the property in Arkansas, and the case should be affirmed.

If the provisions made for the wife were not in lieu of dower, then she was entitled to dower in the Arkansas property, and she would not be required to file any renunciation of the will.

Many authorities are cited and discussed by learned counsel on both sides, but we deem it unnecessary to review them here, the only question being whether the provisions in the will are in lieu of dower.

This court recently said: ''Under the common law the testator will not be presumed to have intended a devise in his will to be a substitute for dower, unless the claim of dower would be inconsistent with the will, or so repugnant to its provisions as to disturb and defeat the will. In other words, at common law it is held that where the testator's intention was not apparent in the will, the devise would be presumed to be in addition to dower.'' *Gathright* v. *Gathright*, 175 Ark. 1130, 1 S. W. (2d) 809.

Again the court said in the same case: ''The will under consideration bequeaths personal property and also contains a devise of real estate. It has been held under the statutes like that just referred to above that a legacy of personal property will not put the widow to her election as in the case of a devise of real estate unless expressly made in lieu of dower.'' The court cites *Booth* v. *Stebbins*, 47 Miss. 161; *Pemberton* v. *Pemberton*, 29 Mo. 408, and cases cited in note to 22 A. L. R. 50.

We do not think the claim of dower is inconsistent with the will, or repugnant to its provisions, so as to defeat or disturb the will. Since we hold that the claim of dower is not inconsistent with the will nor repugnant to its provisions, it becomes unnecessary to discuss or review the authorities cited on the question of election.

The declarations of law requested by the appellant should have been given.

It is next contended by the appellees that appellant's action was barred. We do not agree with this contention. The rents were collected by the ancillary administrator from February 1 to June 7, 1929, and the action was therefore not barred.

The court erred in refusing to make the declarations of law requested by appellant.

The judgment of the circuit court is therefore reversed, and the cause remanded for a new trial.

McHANEY, J., dissents.