Brown v. State.

4670                                           243 S. W. 2d 939

Opinion delivered December 10, 1951.

*Ike Murry,* Attorney General and *Robert Downie,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J. The appellant, Millard F. Brown, was convicted below of first degree murder as a result of his having shot his next-door neighbor, Leo Williams. The verdict and judgment imposed the penalty of life imprisonment.

On the day of the shooting the two men had quarreled about a debt owed by Williams to Brown. During the afternoon Williams entered Brown's house with a pistol, but he soon went back home. The police were called, but Brown refused to swear out a warrant, though he said he would kill Williams if he came back.

After the police had gone Brown seated himself with an automatic rifle in a room from which he could watch Williams' house through a glass pane in the door. About twenty minutes later Williams, armed with a rifle, left his house and started toward the Brown home. Brown began firing through the pane just after Williams stepped over a low boundary wall about forty feet from Brown's door. The first two shots, though not fatal, caused Williams to turn back and fall helpless across the wall. Brown continued to fire, and at least six shots entered Williams' back before the rifle jammed. Wil-

liams was dead when the officers arrived within a few minutes.

Most of the assignments in the motion for a new trial are directed against the court's refusal to instruct a verdict for the accused. The appellant has not filed a brief in this court. The only arguments that could be made to support an instructed verdict of not guilty are (a) that the State failed to prove its case, (b) that Brown acted in self-defense, and (c) that the proof establishes the plea of insanity. On all three questions the State's testimony strongly preponderated and certainly presented issues for the jury's determination.

There was no error in the introduction of the clothing worn by Williams, as the location of the shots in the back was relevant to the issue of self-defense. Nor was the court required to give an instruction defining involuntary manslaughter. Even if we assume that such a charge would not have been abstract, the fact that the jury found the accused guilty of first degree murder rather than of second degree murder or of voluntary manslaughter, all of which were covered by the instructions, shows that the appellant was not prejudiced by the court's failure to submit the still lesser offense of involuntary manslaughter. *Newsome* v. *State*, 214 Ark. 48, 214 S. W. 2d 778.

A new trial was also sought on the ground that the appellant discovered after the verdict that one of the jurors was insane. The only proof of this juror's incompetency is a showing that the probate court made an adjudication of his insanity about two years before the trial below. Such an adjudication is merely *prima facie* evidence and may be rebutted. *Cook* v. *Jeffett*, 169 Ark. 62, 272 S. W. 873; *Federal Land Bank of St. Louis* v. *Lewis*, 199 Ark. 120, 132 S. W. 2d 810. In the case at bar the State proved that the challenged juror was discharged from the State Hospital within three months after his commitment, which raised a presumption of restored sanity. *Bank* v. *Lewis, supra.* In addition several witnesses who knew the man testified that he had conducted his business affairs and had otherwise acted in a normal manner since his discharge from the State Hospital. This

evidence completely overcame the presumption of insanity that arose from the adjudication two years earlier.

Affirmed.