LAMB, ADM'R *v.* FORD, EX'R.

5-3539                                                            389 S. W. 2d 419

Opinion Delivered April 26, 1965.

*Howard Mayes, Robert Branch,* for appellant.

*Frank Sloan, Kirsch, Cathey & Brown,* for appellee.

Ed. F. McFADDIN, Associate Justice. This appeal challenges two rulings of the Probate Court made in the administration of the estate of A. R. Ford, who died testate on February 2, 1963. He was survived by his wife, Viva Lamb Ford, and by four children of a former marriage. We will separately discuss the two questions presented.

I.

*Dower.* The first question relates to the dower claim. Mr. Ford had executed a will on May 25, 1962, when he was a widower. Viva Lamb Ford was not mentioned in the will. He left his entire estate to his four children. Mr. Ford and Viva Lamb Ford were married on December 22, 1962, but he never changed his will. After Mr. Ford's death (which occurred on February 2, 1963) his children met with their stepmother, Viva Lamb Ford, on one or two occasions in an effort to induce her to take one-fifth of the estate in fee rather than her dower interest in the estate. Mrs. Viva Lamb Ford had the matter under consideration, but had given no definite answer, when she was killed in an automobile collision on February 6, 1963. Jones Lamb (appellant) was appointed administrator of her estate, and as such administrator he sought to claim the dower interest of Viva Lamb Ford in the estate of A. R. Ford, deceased. Appellee J. R. Ford, executor of the estate of A. R. Ford, resisted the claim of dower. Trial in the Probate Court resulted in a judgment against the estate of Viva Lamb Ford and this appeal resulted.

We thus have a factual situation wherein: (a) a man made a will which did not mention the lady that he subse-

quently married; (b) he married; (c) he died; and (d) then she died without having elected to claim her dower. It is conceded that we do not have a case with a factual situation on all fours with the one at bar. Regardless of how our statutory law and case law may have indicated views[1] prior to the adoption of the Probate Code (being Act No. 140 of 1949), we nevertheless reach the conclusion that, under the provisions of the said Probate Code, the judgment of the Probate Court on this dower matter must be affirmed.

When Mr. Ford executed his will on May 25, 1962, he was a widower and Viva Lamb Ford was not mentioned in his will. His subsequent marriage to Viva Lamb Ford did not operate as a revocation of his will because § 23 of Act No. 140 of 1949 (now found in Ark. Stat. Ann. § 60-407 [Supp. 1963] reads:

''Change in circumstances; marriage or divorce. If after making a will the testator is divorced, all provisions in the will in favor of the testator's spouse so divorced are thereby revoked. With this exception, no will or any part thereof shall be revoked by any change in the circumstances, condition or marital status of the testator; subject however, to the provisions of Section 33.''

In the above section reference is made to Section 33 of the Act No. 140 of 1949, which may be found in Ark. Stat. Ann. § 60-501 (Supp. 1963); and that section reads:

''When surviving spouse may elect to take against the will. — When a married man dies testate as to any part of his estate, or when a married woman dies leaving as her last will one executed prior to her marriage, the surviving spouse shall have the right to elect to take against the will and to take such part of the property as he or she would have taken had the deceased spouse died intestate.''

Furthermore, Section 37 of Act No. 140 of 1949 (as now found in Ark. Stat. Ann. § 60-505 [Supp. 1963] ) reads:

[1] Section 235 of Act No. 140 of 1949 (the Probate Code Act) expressly repealed Ark. Stat. Ann. § 61-219 (1947) and also Ark. Stat. Ann. §§ 61-222 to 61-225 (1947), inclusive.

''Right of election personal to surviving spouse. — The right of election of the surviving spouse is personal. It is not transferable and does not survive the surviving spouse. The guardian of the estate of an incompetent surviving spouse may, when authorized by the court having jurisdiction over the estate of the ward, elect to take against the will in the ward's behalf.''

Thus, it is clear that the will of A. R. Ford was not revoked by his subsequent marriage and that Viva Lamb Ford had the right to take against that will, if she so elected; but the right was personal to her and did not survive her. The fact that she died before making any election does not give her estate the right to subsequently make an election: the right of election ended when she died. Her stepchildren met with her on one or two occasions after the death of A. R. Ford to see if she would take a child's part of the estate (that is, one-fifth in fee), rather than her dower part. They evidently assumed — as was perfectly natural to do — that she would elect to take against the will, since she received nothing under the will; and the children were, in effect, offering to trade her a one-fifth fee interest for her dower interest when and if she elected to take dower. But all this intended trade was dependent on her election to take against the will; and she died without ever having made any such election.

Even before the Probate Code (Act No. 140 of 1949), this Court held in *Barnes* v. *Cooper*, 204 Ark. 118, 161 S.W. 2d 8, that when the wife outlived her husband only thirty minutes, nevertheless her estate could not claim her statutory allowances because she had failed to claim the same in her lifetime. After the adoption of the Code, we held in *Jeffcoat* v. *Harper*, 224 Ark. 778, 276 S.W. 2d 429, that the right to take against the will was personal. It is argued in the briefs that it was unnecessary for Viva Lamb Ford to make her election because she would take nothing under the will. Even so, she would have been required, under our statutes as previously quoted, to take steps in the Probate Court to claim her dower. She never did this, and the right, being personal as fixed by statute, died with her and her estate cannot claim dower in the estate of A. R. Ford. So

we affirm the decree of the Probate Court which denied Viva Lamb Ford's estate any dower in the estate of A. R. Ford.

## II.

*Ownership Of The Automobile.* Viva Lamb Ford was killed in an automobile collision while in a car she had driven since her marriage. J. R. Ford, executor of the estate of A. R. Ford, took possession of the wrecked car and sold it for $839.00 and held the money as such executor. Jones Lamb, as administrator of the estate of Viva Lamb Ford, filed a claim in the Probate Court against the estate of A. R. Ford for the said $839.00; the Probate Court allowed the claim; and by cross appeal J. R. Ford, as executor, challenges the ruling of the Probate Court. We affirm the said ruling.

There was no necessity for a plenary action by Lamb, administrator, against Ford, executor. Under the peculiar situation here existing the Probate Court could properly determine whether the $839.00 was an asset of the estate of A. R. Ford or whether the proceeds of the wrecked car belonged to the estate of Viva Lamb Ford. *Carlson* v. *Carlson,* 224 Ark. 284, 273 S.W. 2d 542; and *Ellsworth* v. *Cornes,* 214 Ark. 756, 165 S.W. 2d 57. The decisive question is who owned the car; and the preponderance of the evidence established that A. R. Ford gave the car to Viva Lamb Ford as an engagement present and wedding present; and it was her car and she owned it.

The judgments of the Probate Court are affirmed on both direct appeal and cross appeal; and the costs of this appeal are to be paid equally.