Estate of Martha DAHLMANN, Deceased *v.*
Estate of William F. DAHLMANN, Deceased

84-22                                     668 S.W.2d 520

Supreme Court of Arkansas
Opinion delivered April 30, 1984

*Epley, Epley & Castleberry, Ltd.*, by: *Alan D. Epley,* for appellant.

*R. Edward Buice*, for appellee.

DARRELL HICKMAN, Justice. William F. Dahlmann died on April 14, 1982. His will, executed on June 16, 1978, acknowledged his wife of thirty years but left her nothing. Mrs. Dahlman had become disabled in 1976 and was taken to Iowa where a guardian was appointed for her. She died two months after her husband without electing to take against

his will. The will was filed for probate the same day that she died. Mrs. Dahlmann's estate, the appellant, petitioned the probate court to award the estate statutory allowances and dower. The probate court correctly followed our decision in *Lamb* v. *Ford*, 239 Ark. 339, 389 S.W.2d 419 (1965), and rejected the appellant's demands. We affirm the decree.

The appellant argues that Mrs. Dahlmann's right to claim dower survived her death and descended to appellant. In support of that contention the appellant cites authority where the deceased died *intestate*; for that reason, the reliance is misplaced. Where a spouse dies *testate*, the surviving spouse must exercise the option to take against the will in his or her lifetime. Otherwise, the right is forfeited because it is personal and does not survive the surviving spouse. Ark. Stat. Ann. § 60-505 (Repl. 1971); *Lamb* v. *Ford, supra; Jeffcoat* v. *Harper*, 224 Ark. 778, 276 S.W.2d 429 (1955).

The appellant also argues that where a will leaves the surviving spouse nothing, he or she is not put to an election. We rejected that argument in *Lamb* v. *Ford, supra,* on the basis of Ark. Stat. Ann. § 60-501 (Supp. 1983), which provides in part:

> When a married person dies testate as to all or any part of his or her estate, the surviving spouse shall have the right to take against the will provided the surviving spouse has married to the decedent continuously for a period in excess of one (1) year, and in the event of such election the rights of the surviving spouse in the estate of the deceased spouse shall be limited to the following: (a) The surviving spouse, if a woman, shall receive dower in the deceased husband's real estate and personal property as if he had died intestate, which dower shall be additional to her homestead rights and statutory allowances; . . .

Even before the enactment of the above statute, which is part of the Probate Code of 1949, a surviving spouse was put to an election where a claim of dower was repugnant or inconsistent with the terms of the will. *United States Fidelity &*

*Guaranty Co.* v. *Edmondson,* 187 Ark. 257, 59 S.W.2d 488 (1933); *Gathright* v. *Gathright,* 175 Ark. 1130, 1 S.W.2d 809 (1928).

Neither do we accept the appellant's argument that the making of a will which excludes the surviving spouse is an "act" which impermissibly defeats the right of dower under Ark. Stat. Ann. § 61-208 (Supp. 1983). That statute provides:

No act, deed, or conveyance, executed or performed by one spouse without the assent of the other spouse, evinced by acknowledgement thereof in the manner required by law, shall pass the estate of dower or curtesy; and no judgment, default, covin or crime of one spouse shall prejudice the right of the other spouse to his or her curtesy or dower, or preclude him or her from the recovery thereof, if otherwise entitled thereto.

The appellant cites no authority for its contention, nor any persuasive reasoning. A spouse has the right to make a will which excludes a surviving spouse or provides for a bequest or devise in lieu of dower. That a surviving spouse may take against a will prevents any injustice that might result from the spouse's exercise of that right.

Affirmed.