## William (Willie) GRAVES *v.* STATE of Arkansas

CR 75-45                                         527 S.W. 2d 611

### Opinion delivered September 8, 1975

*Floyd Clardy III* and *David E. Smith*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Graves, charged with robbery, was found guilty and was sentenced (as a habitual offender with three felony convictions) to imprisonment for 21 years. His present counsel, appointed to handle this appeal, argue five points for reversal. We affirm the judgment.

On April 13, 1974, according to the State's proof, the appellant and Kenneth Agnew, masked and armed with pistols, held up a liquor store in Garland county and obtained more than $1,100 in cash and checks. Both men were later arrested and charged with robbery. They pleaded not guilty. Agnew, however, signed a confession and testified as a witness for the State in the court below. Another witness, the employee who was held up and robbed, identified Graves by scars upon his arms.

I. It is first argued that the trial court was wrong in refusing to permit Richard L. Slagle, the appellant's trial counsel by appointment, to withdraw from the case. At a preliminary hearing Slagle asked to be relieved, because "our firm represents the establishment allegedly robbed." Graves, however, in response to questions by the court, said that Slagle had done a better-than-average job in representing him in an earlier case. He considered Slagle to be competent and honest. "I don't want to get rid of him. . . . I would prefer that he represent me. I'd go along with him." Upon that basis the court asked Slagle to continue to serve. After the trial the judge, in appointing counsel for the appeal, said to Graves that Slagle "has done an excellent job in my judgment; I don't think he could have done any better."

The court's ruling was right. Although Slagle properly brought up the possibility of a conflict of interest, no real con-

flict is shown. It is not suggested that civil litigation arose from the robbery. There is no hint that Slagle had received any confidential information about the circumstances of the robbery. Finally, Graves (who was not inexperienced in criminal trials) asked that Slagle continue to represent him. Had that request been denied and had other counsel been appointed in Slagle's place, Graves with some plausibility might well have sought a new trial upon the ground of having been denied counsel of his choice. We are not persuaded that Graves should be entitled to assert reversible error no matter which way the trial judge acted upon Slagle's request to be relieved as counsel.

II. Agnew testified, over objections, about several statements that Graves had made in conversation as the two men were planning the robbery and driving together toward the liquor store where the hold-up took place. The statements were unquestionably competent as admissions made by a party to the case. Such admissions are admissible as original evidence, if relevant, simply because a party to the litigation is not in a position to disclaim responsibility for his own prior statements. *Sherman* v. *Mountaire Poultry Co.*, 243 Ark. 301, 419 S.W. 2d 619 (1967); *Bullington* v. *Farmers' Tractor & Implement Co.*, 230 Ark. 783, 324 S.W. 2d 517 (1959); *Conway* v. *Hudspeth*, 229 Ark. 735, 318 S.W. 2d 137 (1958); McCormick on Evidence, § 262 (2d ed., 1972).

III. It is argued that the trial judge improperly commented upon the evidence in directing that $200 in currency, taken by the police from Agnew and produced in court, be returned "to its owner," and that the jury disregard "any testimony that appears to be self-serving." The short answer to this argument is that neither statement was objected to by defense counsel. Had such an objection been made the trial judge could readily have removed even the remotest possibility of prejudice by an admonition to the jury.

IV. Complaint is made that the trial court should have given Graves credit for three months spent in jail between his arrest and the date of trial. Graves had the burden of showing that his failure to make bond was due to indigency. *Charles* v. *State*, 256 Ark. 690, 510 S.W. 2d 68 (1974). The record con-

tains an affidavit of indigency, having to do *only* with a request for the appointment of counsel, but there is nothing to show either that Graves asked the court to allow him to make bond or that indigency alone was the reason that bond was not made.

V. Graves testified in his own defense. He now argues that the prosecutor should not have been permitted to bring out on cross-examination that the municipal court had bound him over to the grand jury. The argument is without substance. On direct examination Graves had already testified to the same effect: "I went to a preliminary hearing and was bound over to the grand jury." Moreover, the petit jury was certainly aware that the accused had been charged with the offense on trial. We fail to see how the prosecutor's reference to that undisputed fact could have been prejudicial, especially as the court gave the usual instruction that the charge was not to be considered as evidence of guilt.

Affirmed.