Elsie Jean RAWLS *v.* STATE of Arkansas

CR 76-76                           541 S.W. 2d 298

Opinion delivered October 4, 1976

*Harold L. Hall,* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry Kirkpatrick,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In June of 1975 the appellant killed R. C. Edwards, with whom she was living, by shooting him some fourteen times with a rifle. She was charged by information with second-degree murder and with the commission of that felony by means of a firearm. The jury returned a verdict of guilty upon each count and imposed consecutive sentences of ten and five years.

The appellant makes a twofold constitutional attack upon the firearm statute. Ark. Stat. Ann. §§ 43-2336 *et seq.* (Supp. 1975). It is argued, without the citation of any supporting authority, that the statute denies the equal protection of the laws, because a similar enhanced punishment is not imposed for the commission of a homicide by some other means, as by the use of a knife or poison. Classification, however, is permissible if it has a rational basis and is reasonably related to the purpose of the statute. *Dicks* v. *Naff,* 255 Ark. 357, 500 S.W. 2d 350 (1973), cert. den., 415 U.S. 958 (1974). We think it goes without saying that in view of the ever-increasing number of felonies committed by means of firearms, the legislature was justified in specifying an additional penalty for those offenses. Certainly the appellant has not met her burden of proving facts sufficient to overcome the presumption that the statute is valid.

Alternatively it is asserted, again without the citation of any supporting authority, that the appellant was placed in double jeopardy by the jury's finding (*a*) that she was guilty of murder (actually committed with a firearm) and (*b*) that the sentence should be lengthened by five years under the firearm statute. We rejected a somewhat similar, though not identical, argument in *Barnes* v. *State,* 258 Ark. 565, 528 S.W. 2d 370 (1975).

Here, too, the argument is unsound. Unquestionably the

legislature may adopt a graduated scale of offenses, as by making assault with a deadly weapon a more serious crime than simple assault. In like manner the legislature might have made second-degree murder committed by means of a firearm a more serious offense than simple second-degree murder. In substance the firearm statute achieves just that result, by allowing the jury to find the accused guilty of simple second-degree murder and then to enhance the punishment upon a further finding that the crime was committed by means of a firearm. Inasmuch as the legislature might have reached the same goal by taking either of two routes, it cannot be said that one solution to the problem is constitutional and the other not.

A secondary contention is.that the trial court was wrong in refusing to give credit upon the sentence for the appellant's pretrial confinement. In denying counsel's request the trial judge remarked: "They offered her five years, and she wouldn't take it." We do not agree with that reasoning, but the court's denial of the requested credit was nevertheless justified. The record contains an affidavit of indigency as a basis for the appointment of counsel, but we find no proof that the appellant's failure to make bond was due to her indigency. In that identical situation we have sustained the trial court's denial of jail time. *Graves* v. *State,* 258 Ark. 477, 527 S.W. 2d 611 (1975).

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and JONES, JJ.