Doris Marie DAWSON *v.* PAY LESS
SHOES #904 CO., INC.

80-60                                                    598 S.W. 2d 83
Supreme Court of Arkansas
Opinion delivered May 5, 1980

24

*Guy Jones, Jr.,* for appellant.

*Friday, Eldredge & Clark,* by: *Boyce R. Love,* for appellee.

JOHN F. STROUD, Justice. This is a civil action seeking compensatory and punitive damages for false arrest, unlawful detention and malicious prosecution. The jury found for the defendant and appellant contends on appeal that the verdict should be reversed due to an erroneous instruction by the court. She contends the instruction amounted to a comment on the weight of the evidence. We find no error in the instruction and, therefore, affirm the jury verdict.

On January 3, 1976, appellant went to appellee's shoe store in Conway, Arkansas. The clerk accused appellant of placing an unpurchased pair of shoes in her purse, but appellant denied it. The police were summoned and, after their investigation, appellant was arrested and taken to the

police station. Appellant posted an appearance bond and apparently the shoplifting charges were dismissed or she was acquitted. Appellant then filed suit against the store for false arrest, unlawful detention and malicious prosecution, alleging less of wages and mental anguish. Appellees claimed all actions of the clerk and store were reasonable under the circumstances, relying on Ark. Stat. Ann. § 41-2251(a) (Repl. 1977), which absolves a merchant, or his employee, from criminal or civil liability for false arrest, false imprisonment or unlawful detention for the reasonable detention of a suspected shoplifter. The case was tried before a jury on August 8, 1979, resulting in a verdict for appellee. Appellant brings this appeal, alleging that a jury instruction requested by appellee, and presented to the jury by the court, was improper in that it commented on the evidence.

The only question to be determined on appeal is whether the challenged jury instruction constituted a comment on the evidence. That instruction, defendant's requested instruction No. 1, provided as follows:

There was in force in the State of Arkansas and City of Conway at the time of the occurrence a statute which provided:

Shoplifting Presumption. The knowing concealment, upon his person or the person of another, of unpurchased goods or merchandise offered for sale by any store or other business establishment shall give rise to a presumption that the actor took goods with the purpose of depriving the owner, or another person having an interest therein. [Ark. Stat. Ann. § 41-2202(2) (Repl. 1977).]

A person engaging in conduct giving rise to the foregoing presumption may be detained in a reasonable manner and for a reasonable length of time by a peace officer or a merchant or a merchant's employee in order that recovery of such goods may be effected. Such detention by a peace officer, merchant, or merchant's employee shall not render such peace officer, merchant or merchant's employee criminally or civilly liable for

false arrest, false imprisonment, or unlawful detention. [Ark. Stat. Ann. § 41-2251(a) (Repl. 1977).]

Therefore, if you find that Doris Dawson concealed unpurchased goods or merchandise upon her person, then the defendant's employee and the police were entitled to detain her in a reasonable manner for a reasonable length of time, and your verdict should be for the defendant.

Citing the case of *Thiel* v. *Dove,* 229 Ark. 601, 317 S.W. 2d 121 (1958), appellant contends that this instruction was improper in that it commented on the evidence. The Constitution of Arkansas, Article 7, § 23, provides that "Judges shall not charge juries with regard to matters of fact, but shall declare the law . . ." In *Thiel,* a slander action, the court instructed the jury that malice may be inferred from the absence of probable cause. This court did hold the instruction to be an improper comment on the weight of the evidence, because it purported to tell the jury what facts were of sufficient weight to warrant the inference. Such is not the case here where the challenged instruction merely set out the law application to the issue as contained in two statutes. The instruction did not advise the jury that any presumption had been established by the evidence adduced at trial; but to the contrary, advised the jury that *if* they found the facts to meet the requisites for the statutory presumption, then their verdict should be for appellee.

Appellant also cites AMCI 2203-PR as authority for her contention that the instruction given was erroneous. If this were a criminal trial for shoplifting, the criminal jury instruction would support such contention, but this is a civil suit. The first two paragraphs of the instruction are merely quotes of the two applicable statutes. This court has held many times that an instruction is proper which follows the wording of a statute and which is applicable to the facts in the case. *Jones* v. *City of Forrest City,* 239 Ark. 211, 388 S.W. 2d 386 (1965); *Gentry* v. *State,* 201 Ark. 729, 147 S.W. 2d 1 (1941). Neither of these statutes has been challenged, so their validity or constitutionality is not in question.

In the present case, due to the statutory presumption created by § 41-2202(2) and quoted in the first paragraph of the instruction, the jury was bound to find for the defendant *if* they found that the appellant concealed unpurchased goods upon her person. Normally the jury would also be required to find that the detention was reasonable as to manner and length to obtain the immunity of § 41-2251(a) which is quoted in the second paragraph of the instruction. However, we do not know if that issue was conceded at trial as the appellant, who has the burden of proof, did not include the testimony at trial in the transcript or her brief. From the record before us, appellant did not specifically raise at trial the issue that the detention was unreasonable as to manner or length, and we will, therefore, not consider that issue upon appeal. *Jones* v. *Reed*, 267 Ark. 237, 590 S.W. 2d 6 (1979); *Stroud* v. *Crow,* 209 Ark. 820, 192 S.W. 2d 548 (1946).

We find the challenged instruction was not a comment on the weight of the evidence, and, therefore, affirm the trial court.

GEORGE ROSE SMITH, J., concurs.

PURTLE, J., dissents.

GEORGE ROSE SMITH, concurring. At the trial counsel for the appellant objected to the challenged instruction solely "as being a comment on the evidence whereby defining and stating a certain set of facts is a presumption to be used by the jury." That specific objection goes only to the first paragraph of the instruction, which sets out the statutory presumption. There was no objection to the third paragraph, nor does the appellant in her brief argue any defect in the third paragraph. Consequently any possible objection to the third paragraph was waived and is not before us.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority opinion because I believe the last paragraph of the contested instruction was in error. That portion of the instruction stated:

Therefore, if you find that Doris Dawson concealed un-

purchased goods or merchandise upon her person, then the defendant's employee and the police were entitled to detain her in a reasonable manner for a reasonable length of time, and your verdict should be for the defendant.

I cannot distinguish this instruction from the one given in *Thiel* v. *Dove*, 229 Ark. 601, 317 S.W. 2d 121 (1958). In *Thiel* the erroneous instruction stated:

You are instructed that malice may be inferred from the falsity and absence of probable case or other relevant circumstances, or it may be deduced from the libel or slander itself of which it forms a part.

In *Thiel*, the Court upheld the argument that the instruction constituted a comment upon the weight of the evidence, and I think the same argument can be applied to the instruction in the present case. The instruction should have included a statement that these findings should be considered along with all other evidence in the case and that such findings standing alone did not impose a duty upon the jury to find for the defendant.

In effect, the instruction given in the present case told the jury that the defendant's employee and the police were entitled to detain the appellant for whatever length of time she was detained. It is true the record does not give us the information needed to completely understand all of the facts and whether or not the appellant was detained under circumstances allowed by the shoplifting statute. However, the instruction should have included a statement that this evidence was to be considered along with all the other evidence presented to the jury.

We have held that it was clearly improper for the court to tell the jury that a specific fact in evidence is sufficient to support an inference of guilt, negligence, or the like. *Blankenship* v. *State*, 55 Ark. 244, 18 S.W. 54 (1891); *Reno & Stark* v. *State*, 241 Ark. 127, 406 S.W. 2d 372 (1966); and *Thiel*, supra.

In *Thiel*, supra, we stated the jury determines whether the particular inference should be drawn from all the proof in the case; and, consequently, the court comments on the weight of the evidence when it declares that a certain inference may be drawn from a specific fact. This is exactly the situation we have in the instruction complained of in this case.

The statute from which this action arose was a criminal statute. The instruction recommended in AMCI 2203-PR is as follows:

> Evidence that _____ knowingly concealed on her person unpurchased merchandise offered for sale by _____ may be considered by you in determining whether she took the merchandise with the purpose of depriving the owner thereof. However, this evidence must be considered along with all the other evidence in the case and does not impose any duty upon you to find that the defendant took the merchandise with the purpose of depriving the owner thereof.

If the criminal statute is to be relied upon in a civil case, certainly the criminal instruction should also be considered. I think it entirely proper, and necessary, that the portion of AMCI 2203-PR stating this evidence should be considered along with all other evidence in the case should have been included in the instruction in this case.

Therefore, I feel the instruction amounted to a comment on the evidence and prevented the jury from considering any other evidence which may have been presented to them.