Dennis P. GLICK *v.* STATE of Arkansas

CR 81-79                                627 S.W. 2d 14

Supreme Court of Arkansas
Opinion delivered January 25, 1982

*Holmes, Holmes & Trafford,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. During the night of July 11, 1980, the home of Alvin Gibson at Reydell was burglarized and food, clothing and a shotgun were stolen. The following night two men entered the home of Willie Moore where Moore and several companions were gambling and using the shotgun taken from Gibson robbed them of about two hundred dollars. The two dwellings are about three miles apart.

Appellant was convicted of burglary, aggravated robbery, and two counts of theft of property. Found to have committed at least four prior felonies, appellant was given cumulative sentences of 120 years to run consecutively. He seeks a reversal on one assignment of error — the trial court erred in not directing a verdict because of prejudicial statements by some of the state's witnesses. We find no error.

The argument is that testimony by the state was prejudicial to appellant: A. L. Lockhart testified to his observations at the scene of the burglary; David Rosegrant of the Arkansas State Police testified that discarded prison clothing was found near the Gibson dwelling and that members of the Department of Correction were at the scene; one of the robbery victims, John Hardin, testified that he had been in the penitentiary, knew the appellant and

recognized him as one of the robbers. Appellant contends that the jury could have inferred that he had been convicted of a felony without his having taken the stand and prejudice resulted.

In the first place, the motion and the argument are incompatible, as a motion for a directed verdict is a challenge to the *sufficiency* of the evidence and not to the nature or character of the evidence. *Harris* v. *State,* 262 Ark. 680, 561 S.W. 2d 69 (1978); *Parker* v. *State,* 252 Ark. 1242, 482 S.W. 2d 822 (1972). Here, there was more than sufficient evidence to submit the issue of guilt or innocence to the jury. Appellant was connected to the robbery by direct evidence in that five of the victims identified him as the man who carried the shotgun during the robbery and he was linked to the burglary by strong circumstantial evidence: two men were shown to have entered the Gibson home on the night preceding the robbery and the shotgun used in the robbery was positively identified as the one stolen from Gibson. Furthermore, no objections were offered to any of the testimony appellant now complains of and he cannot raise issues on appeal where there was no proper objection below. *Kitchen* v. *State,* 271 Ark. 1, 607 S.W. 2d 345 (1980); and *Wicks* v. *State,* 270 Ark. 782, 606 S.W. 2d 366 (1980).

Conceding the testimony had some prejudicial aspects, it should be said that the state has a right to meet its burden of proof from the relevant facts of the case, even though some coincidental detriment to the defendant may result. If one of the victims of the robbery knew the accused in the penitentiary and recognized him because of that association, the state cannot be deprived of probative evidence connecting the defendant to the crime simply because there are dual aspects to such evidence. Appellant cites *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804 (1954), but that decision is not in point — it deals with the question of when evidence of a prior offense, not part of the offense being tried, can be introduced. We are not dealing with prior offenses but simply with admissible evidence from which a jury might infer the accused had been, or was, in the penitentiary. While the state cannot make direct proof of that fact (and, indeed, should refrain from even drawing needless attention to it),

because of the heavy burden of proof placed on the state under the law, it cannot be denied the opportunity of meeting that burden simply because some of the evidence has a coincidental implication not favorable to the accused. See *Young* v. *State*, 269 Ark. 12, 598 S.W. 2d 74 (1980); and *Tarkington* v. *State*, 250 Ark. 972, 469 S.W. 2d 93 (1971).

We find no error and therefore we affirm the judgment.