Kelvin Ray LOVE *v.* STATE of Arkansas

CR 83-53                    664 S.W.2d 457

Supreme Court of Arkansas
Opinion delivered February 13, 1984

*Campbell & Campbell,* by: *James C. Campbell;* and *Q. Byrum Hurst, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was convicted of the April 5, 1982 capital murder of his teacher and a fellow student at the Garland County Community College. The jury rejected his plea of not guilty by reason of insanity, imposing a sentence of life without parole. Seven assignments of error are cited for reversal, which in part have merit.

We first address appellant's claim that error resulted from remarks made by the trial judge. During voir dire defense counsel asked a venireman whether he could acquit if the insanity defense were proven, and the venireman asked if "acquit" meant go free. The defense began to explain the options open to the court but was halted by the state's sustained objection. The judge then stated that acquit means to "go free." The defense objected and asked the trial judge to give a further explanation of its remarks and to read Ark. Stat. Ann. § 41-612 to the jury, which gives the options available to the court when a defendant is acquitted on grounds of mental disease or defect, i.e., commitment, conditional release or discharge. These requests were denied along with a defense motion for a mistrial. At the close of the trial the defense requested an instruction that would have told the jury the options open to the court if the defendant were found not guilty by reason of insanity. The request was refused.

In *Curry v. State,* 271 Ark. 913, 611 S.W.2d 745 (1981), similar instructions were requested at the close of the trial

and denied because we found such instructions raise questions "foreign to the jury's primary duty of determining guilt or innocence." We find no error in the court's refusal of the requested instructions. However, the statement that acquit means "go free" requires reversal. The jury is not to be told the options available to the court when a defendant is found not guilty by reason of mental disease or defect and it is equally impermissible to comment on one of the alternatives, as it would be to comment on all of them. The error is underscored here by the fact that this particular alternative when suggested alone plainly tends to influence the jury away from a verdict of not guilty based on the appellant's defense of insanity. It is not conceivable that a jury could freely consider all the possible findings when it is not told what happens to a defendant who is acquitted by reason of insanity, but hears the trial judge say that the defendant would go free if acquitted. A similar situation arose in *Bagley* v. *State*, 274 Ark. 113, 444 S.W.2d 567 (1969), where the trial court improperly stated the law on punishment to the jurors during voir dire in a homicide case. The remarks constituted a suggestion to the jury that the punishment should be fixed at death. The state argued that any error was cured when the court explained the forms of verdicts and advised the jury to fill in the blanks as they saw fit. We said:

> The damage could have been removed only by an equally positive statement of correction. The court's statement that extenuating circumstances must be produced to avoid the death penalty was clear and unequivocal; only a corrected statement of equal stature could have erased it.

We next consider appellant's objection to the trial court's failure to provide the jury with a verdict form stating that the defendant was "not guilty by reason of mental disease or defect." The trial court had instructed the jury on five possible verdicts: capital murder, murder in the first degree, murder in the second degree, not guilty and not guilty by reason of mental disease or defect. The jury was then told to consider and complete one of four verdict forms, the "not guilty by reason of mental disease or defect" being the one charge not reflected by a verdict form. It was at this

point that the appellant requested the additional form. Appellant bases his argument in part on § 41-612, *supra*, which provides for the effect of acquittal on the grounds of mental defect or disease. He argues that the instructions, to accurately state the law, should include the verdict form he requested.

We are aware of the problems confronting a jury dealing with the defense of insanity. See *Curry, supra*. Here, the jury was instructed on two "not guilty" options, but received only one form that read simply, "not guilty." In that situation, there is an appreciable likelihood for the jury to conclude that there was no distinction between "not guilty" and "not guilty by reason of mental disease or defect." By the jury receiving only one form and no further instructions from the court, prejudice against the defendant was created, the jury very conceivably being misled as to the impact of its finding. The confusion that could have resulted from this situation was heightened by the court's earlier suggestive statement in voir dire that acquit means to go free. Although as a general rule, the "not guilty" verdict forms do not reflect an affirmative defense, we think it was error to deny the request in the context of this case.

Our Per Curiam Order of January 29, 1979, 264 Ark. 967, authorizes such a request. We stated that an AMCI instruction is to be used unless the trial judge finds it does not accurately state the law. If there is no instruction on a subject upon which the judge determines the jury should be instructed, an appropriate instruction can be given. We consider the verdict forms in this case as part of the instructions in reviewing the denial of the request. We have held that the court is not required to give an instruction just because it accurately states the law, *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980), particularly if the instruction is sufficiently covered by those given. *Cobb* v. *State*, 265 Ark. 527, 579 S.W.2d 612 (1979). But here, the instructions and verdict forms in conjunction with the court's earlier comment in voir dire did not accurately reflect the law and as we noted in *Conley, supra*, a misstatement of law is more damaging than simply an omission. The reason for the Judge's denial of the request makes it clear what he intended

to communicate to the jury. When denying the request he stated: "I think it's consistent with what I tried to say on acquittal [acquit means "go free"]. I'm not going to give it." In contrast, we found in *Bagley, supra,* that the suggestive comment by the Judge could only be overcome "by an equally positive statement of correction." Here, instead we had an avowed reinforcement of the earlier mistake. Although we don't say that the requested verdict form would have constituted such a remedial statement, it is not necessary for us to so conclude to find error. The absence of the requested instruction — and any further clarification in the instructions along with the Judge's earlier statement left the jury with an inaccurate statement of the law. It was the Judge's misconception that his prior statement and instructions taken together were a correct statement of the law and it was therefore error here to deny an accurately worded verdict form that would have aided in curing the earlier error and clarifying the instructions given to the jury.[1]

We do not find error in the other five points appellant raises but will discuss them as they may arise on retrial. Appellant believes the trial court erred in denying his motion for change of venue because of the publicity the case received. There was a good deal of publicity, though appreciably less than the "hundreds of articles" appearing in *Ruiz & Van Denton* v. *State,* 265 Ark. 875, 582 S.W.2d 915 (1979) and the "saturation" received in *Swindler* v. *State,* 264 Ark. 107, 569 S.W.2d 120 (1978). The affidavits submitted pro and con were conflicting but those for the appellant clearly outnumbered those for the state. We have noted on this point, however, that the quantum presented is not necessarily significant, *Kirkendahl* v. *State,* 265 Ark. 853, 581 S.W.2d 341 (1979), and if there is conflict in the testimony it is for the trial court to resolve. *Rush* v. *State,* 238 Ark. 149, 379 S.W.2d 29 (1964). We are not persuaded that the trial

---

[1]We take note of Ark. Stat. Ann. § 41-2135 which was not given in this case:

> Instruction when insanity a defense. — If the defense be the insanity of the defendant, the jury must be instructed, if they acquit him on that ground, to state the fact in their verdict.

If the jury is instructed that it can find the defendant not guilty by reason of mental disease or defect and is additionally instructed in accordance with § 41-2135, that should sufficiently apprise the panel of its options.

court should have granted the motion because here, as in *Simmons* v. *State,* 278 Ark. 305, 645 S.W.2d 680 (1983), we found the most significant factor to be that jurors and two alternates were accepted without exception as "good" for the defense. The appellant does not claim that his peremptory challenges were exhausted nor does the record show that to have occurred, and additionally, as in *Simmons,* a correspondingly small percentage of prospective jurors, evidently eight out of fifty-three, were excused because of opinions formed about the defendant's guilt.

Appellant also claims error in the instructions, which were given for capital murder, first degree and second degree murder. He objected to the wording of the second degree instruction and requested an instruction on manslaughter, which was denied. Any error was rendered harmless by the fact that the jury found appellant guilty of capital murder, rather than first degree on which the jury was also instructed. See *Brown* v. *State,* 219 Ark. 647, 243 S.W.2d 938 (1951); *Robertson* v. *State,* 256 Ark. 366, 507 S.W.2d 513 (1974). However, on retrial the wording of the instruction on second degree murder should be corrected. The instruction given for that charge was a hybrid of two alternatives given in AMCI for second degree murder. The first alternative contemplates a situation where one victim is intended but another person is killed and the second, where the intended victim is the one in fact killed. The instruction given did not make it clear which set of facts was being covered. On retrial the correct instruction should be given depending on which the court determines is appropriate to the proof. As to the manslaughter instruction we think the instruction was properly refused on the proof presented in this trial. In *Robinson* v. *State,* 269 Ark. 90, 598 S.W.2d 421 (1980), a very similar case based on the insanity defense, we said: "We perceive no justification for an instruction on manslaughter, however, since it contemplates a crime committed with at least some evidence of reasonable excuse."

Appellant next alleges the court erred by permitting evidence in violation of Arkansas U.R.E. 404(b), of an incident that took place shortly after the shooting when the appellant took a hostage in order to flee the scene. The only

real issue in this case was intent and the appellant's defense of insanity. Evidence is relevant if it has "any tendency to make the existence of any fact . . . more or less probable than it would be without the evidence." Ark. U.R.E. 401. As intent was the only issue to be resolved, evidence of other crimes was properly allowed if it was probative of the intent of the crime charged. The evidence was properly admitted under 404(b) to show intent — the appellant's capability of acting in a criminal manner and comprehending it as such, and to show his ability to premeditate and deliberate. We have found similar acts admissible and not outweighed by any prejudicial effect. In *Perry* v. *State,* 277 Ark. 59, 639 S.W.2d 344 (1982) the defendant was convicted of first degree murder. At trial the defendant had claimed self-defense. Evidence was presented by a witness who didn't see the shooting but heard shots and went to investigate. He testified he saw the defendant waving a gun and asking, "Who else wants some of this?" and then pointing the gun at another individual and saying, "Do you want some of this?" and "I should have killed him." We said:

> The testimony of this witness as to what he saw and heard established a course of conduct during which the alleged crimes occurred and was relevant to the issue of motive or intent. Further, where acts are intermingled and contemporaneous with one another, the evidence with respect to any and all of them is admissible to show the circumstances surrounding the whole criminal episode.

The appellant maintains it was wrong for the court to refuse a requested instruction that lay opinions could be considered as well as expert opinions concerning the defense of insanity. The instruction given on expert testimony stated that the jury could disregard the expert testimony if they found it unreasonable. Additionally, a standard instruction was given that the jury was the sole judge of the weight to be given all the evidence. We said in *Cobb* v. *State,* 265 Ark. 527, 579 S.W.2d 612 (1979), that when the requested instructions were sufficiently covered by those given, the trial court is not required to instruct the jury in every possible manner, even though a party's offered instruction may not be incorrect.

Here the requested instruction was sufficiently covered in those given by the trial court.

Appellant finally argues that the court erred in failing to grant his motion for a psychiatric examination conducted by a private psychiatrist at state expense. We have addressed this argument before on the same grounds raised here and found it without merit. *Hale* v. *State,* 246 Ark. 989, 440 S.W.2d 550 (1969); *Andrews* v. *State,* 265 Ark. 390, 578 S.W.2d 585 (1979).

We have examined all other objections made during the trial pursuant to Rule 11(f), Rules of the Supreme Court, Ark. Stat. Ann. Vol. 3A (Repl. 1977) and find no error. See *Earl* v. *State,* 272 Ark. 5, 612 S.W.2d 98 (1981).

Reversed and remanded.

Justice Hickman concurs, see *Curry* v. *State,* 271 Ark. 913, 611 S.W.2d 745 (1981).

Justice Hollingsworth not participating.