William COLEMAN *v.* STATE of Arkansas

CR 84-107                                    676 S.W.2d 736

Supreme Court of Arkansas
Opinion delivered October 8, 1984
[Rehearing denied November 19, 1984.]

*James M. Simpson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

P. A. HOLLINGSWORTH, Justice. The appellant was convicted by a jury of burglary, two counts of theft of property and found to be an habitual offender. He was sentenced to a term of twenty-five years imprisonment on each charge, to be served consecutively. It is from that conviction that this appeal is brought. This appeal is before us under Ark. Sup. Ct. R. 29(1)(b).

The charges arose over the March 23, 1983, theft of a vehicle from Hatcher Construction Co. in Pine Bluff, the subsequent entry into Dillard's department store, and the theft of property therefrom. On appeal, the appellant challenges the trial court's denial of his motion for a directed verdict and the sufficiency of the evidence to support his conviction.

The State presented evidence that a van worth approximately $4,500 was stolen from the Hatcher Construction Company on March 23, 1983. At approximately 10:30 p.m. on the same day, the van was seen by a passerby, John Watson, at Dillard's department store in Pine Bluff, driven through a plate glass window. Watson went to telephone the police and, upon returning, the van was being driven away. He was unable to identify the driver.

After the police arrived, the store officials were notified of the incident, and it was determined that merchandise was missing from the electronics department. The department manager made an inventory of items that were missing and gave the list to the Pine Bluff detectives investigating the burglary. There were fourteen items on the list and all but four had the serial numbers listed. Several of these items were later recovered and, as a result of the investigation, the appellant was arrested on February 21, 1984. On February 23, 1984, he was read the standard *Miranda* rights form and signed it indicating he understood. Three detectives were present and appellant agreed to talk to them about the burglary at Dillard's on March 23, 1983. The appellant in his oral statement went into detail about taking the van from the construction company, driving it into Dillard's and taking the televisions and other electronic items on the inventory list. Appellant did not account for all of the items but told the detectives enough for them to recover several of the items they had not found. Appellant was asked to put his statement in writing, but he refused.

We have held that "[A] directed verdict is proper only when no fact issue exists and on appeal we review the evidence in the light most favorable to appellee and affirm if there is any substantial evidence to support the verdict."

*Harris* v. *State,* 262 Ark. 680, 561 S.W.2d 69 (1978).

The standard for reviewing the sufficiency of the evidence is similar. In *Phillips* v. *State,* 271 Ark. 96, 607 S.W.2d 664 (1980), *reh'g denied,* we held that:

> [i]t is well-settled that on appeal in criminal cases the evidence must be viewed in the light most favorable to appellee and the judgment affirmed if there is any substantial evidence to support the finding of the trier of fact. (citations omitted) Substantial evidence is that which is more than a scintilla and must do more than create a suspicion of the existence of the fact to be established; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

In *Pickens* v. *State,* 6 Ark. App. 58, 638 S.W.2d 682 (1982), we defined substantial evidence as evidence which is:

> of sufficient force and character that it will with reasonable and material certainty and precision, compel a conclusion one way or the other. It must force or induce the mind to pass beyond a suspicion or conjecture. (citation omitted)

We hold that the evidence in this case was sufficient.

Mrs. Fannie Washington, the department manager at Dillard's, testified as follows:

Q:   Were you asked to prepare an inventory of what was unaccounted for?

A:   Yes, I was.

Q:   Okay. Did you prepare that inventory?

A:   I did.

Q:   Before we go over the inventory, who did you give that inventory to?

A:   Art Brown.

Q:   Okay, and Art Brown is who?

A:   He is one of the officers of the Police Department.

Mrs. Washington read from the inventory all of the items that she listed as being missing. She then used the list for reference to testify as to which items were returned. The recovered items included a Magnavox television set valued at $399, a JVC portable radio valued at $499, and an Intellivision television game main frame value at $69.95. According to the list, which was included in the record, the television, the radio, and the television game all had serial numbers.

Furthermore, in his confession, the appellant identified the items on the inventory list and stated that he gave the Magnavox 19″ color television to his mother. He also identified the JVC portable radio which was sitting in the detective's office as an item that had come out of the burglary.

The appellant argues that the State's case was based on circumstantial evidence. We held in *Cooper* v. *State*, 275 Ark. 207, 628 S.W.2d 324 (1982), that "[t]he fact that evidence is circumstantial does not render it insubstantial — the law makes no distinction between direct evidence of a fact and evidence of circumstances from which a fact may be inferred."

The evidence was sufficient to support the appellant's conviction.

Affirmed.