Ronnie DAVID, a/k/a/, Ronny DAVID *v.* STATE of Arkansas

CR 84-200                                            691 S.W.2d 133

Supreme Court of Arkansas
Opinion delivered June 10, 1985

*John H. Bradley*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Velda P. West*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was charged with the murder of Dennis Johnson. The evidence showed that appellant and Johnson had a fight four days before the fatal shooting. Appellant told others that he was going to kill Johnson. On the night of the murder, Johnson drove his truck to the front of the mobile home where appellant was staying, got out, and started walking toward appellant, who was in the middle of the front yard. In graphic street language, the appellant told Johnson to leave him alone. Johnson advanced two more steps, and appellant shot him in the chest. Johnson, who was 7 or 8 feet away, turned, took one step and collapsed. He died on the way to the hospital. The jury found appellant guilty of murder in the first degree and fixed the sentence at thirty-five years. We affirm. Jurisdiction is in this Court because of the length of the sentence. Rule 29(1)(b).

One witness, Keith Roberts, testified that the last sound made by Johnson took place in route to the hospital at a point one and one-half miles from the scene of the shooting. Appellant contends the trial court erred in admitting the testimony. He argues that he had already admitted that Johnson died from the shot. From that, he argues that the sole purpose for introducing evidence of the last sound was to inflame the jury. The argument is without merit. The testimony corroborated the medical examiner's testimony that the gunshot wound was the cause of death and it tended to establish the time and place of death. It was relevant. *See Love* v. *State*, 281 Ark. 379, 664 S.W.2d 457 (1984). A defendant is not empowered to prevent the introduction of relevant evidence by stipulating to the fact which such evidence tends to prove. The admission of evidence to prove matters already stipulated is within the discretion of the court. Where a trial court has discretion to admit evidence, we will not reverse that ruling unless there is a clear abuse of discretion. *Gruzen* v. *State*, 267 Ark. 380, 591 S.W.2d 342 (1979). Here, the trial judge did not abuse his discretion in ruling that the probative value of the relevant evidence outweighed the slight possibility of unfair prejudice.

By a motion in limine, the appellant sought to prevent the

State from attacking his credibility on cross-examination. The trial court denied the motion, and appellant assigns the point as error. The ruling was correct.

The appellant had previously pleaded guilty to two counts of forgery in the second degree. On the first count he was fined and given a suspended imposition of sentence. Ark. Stat. Ann. § 41-1201(3) (Repl. 1977) provides:

> (3) When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if:
>
> (a) it sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places defendant on probation; or
>
> (b) it sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.

The commentary following this statute effectively explains the legislative intent:

> Subsection (3) excepts two situations from the general rule that a judgment of conviction is not to be entered when a court orders suspension or probation. The first is when the court fines the defendant and suspends or probates him only as to imprisonment. The court must enter a judgment of conviction if it is to have a basis for imposing a fine. Furthermore, the defendant who is found guilty of an offense and sentenced to pay a fine only has clearly been "convicted" of the offense. The result should not be different when the court fines the defendant and suspends imposition of sentence or places him on probation as to imprisonment.
>
> . . .
>
> The court that wishes to enter a judgment of conviction in conjunction with a suspension or probation may simply enter judgment and sentence defendant to a $1 fine or one day prison term, thus complying with the requirements of subsection (3). This course of action might be desirable, for example, if a "conviction" is a prerequisite to

an ancillary civil sanction such as revocation of a license. Though requiring the judge to impose a nominal sentence when he enters a judgment of conviction appears to elevate form over substance, the procedure does have the advantage of encouraging the judge to consider whether the defendant deserves a conviction of record and should prevent the routine entry of judgments of conviction when suspension or probation is appropriate.

Clearly a plea of guilty, coupled with a fine and a suspension of imposition of sentence constitutes a conviction.

Rule 609(a) of the Arkansas Uniform Rules of Evidence provides that a witness's credibility can be attacked by proving certain prior convictions, and if the prior convictions involve false statement or dishonesty, the trial court does not determine whether the prejudicial effect of the prior convictions outweighs their probative value. *Floyd* v. *State*, 278 Ark. 86, 643 S.W.2d 555 (1982). Forgery is a crime involving dishonesty. *United States* v. *Field*, 625 F.2d 862 (9th Cir. 1980). Thus, the trial court correctly ruled that the State would be allowed to attack the credibility of the appellant on cross-examination by asking if he had been convicted of the first crime of forgery.

Appellant argues that his plea of guilty to the second forgery did not amount to a conviction because he was only given a suspended imposition of sentence. That is correct, but it does not prevent the State from cross-examining about the act. Specific instances of misconduct which are clearly distinguished from dishonesty, may be inquired into on cross-examination of a defendant. Unif. R. Evid. 608(b); *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982). Most forms of forgery in the second degree are probative of truthfulness or untruthfulness. *See* Ark. Stat. Ann. § 41-2302(3). The issue of admissibility of evidence came up in the appellant's threshold motion, and it was incumbent upon the appellant to demonstrate that the evidence was not admissible. The appellant did not put on any evidence to prove that his act of forgery was not probative of untruthfulness. Therefore, the court correctly refused to grant the motion.

At trial, immediately after taking the stand, on direct examination, in contradiction to his assertions in the motion in limine, the appellant testified that he had been twice convicted of forgery. He did not state whether the convictions were for felonies

or misdemeanors. On cross-examination, over appellant's objection, the prosecutor asked if the convictions were for felonies. He admitted they were. Appellant assigns the point as error. The trial judge was correct. Once the appellant took the stand and admitted he had been twice convicted for forgery, he waived any objection to the state inquiring about whether the convictions were felonies. The State did not seek to inquire into irrelevant matters such as whether he had spent time in the penitentiary. See *Campbell* v. *State*, 264 Ark. 372, 571 S.W.2d 597 (1978).

Appellant's next assignment of error is that his spousal privilege was violated. The court allowed appellant's wife to testify that after he shot Johnson he told her to tell the police that Johnson had attacked her and that he killed Johnson in an effort to rescue her.

■ Rule 504(a) of the Arkansas Uniform Rules of Evidence provides that a spousal communication is privileged only if it is not intended to be disclosed to any other person. *Roleson* v. *State*, 277 Ark. 148, 640 S.W.2d 113 (1982). Here the fabricated story was intended to be disclosed to the police and therefore was not privileged. Appellant counters that, even though he intended for the fabricated story to be disclosed to the police, he did not intend for his wife to disclose the fact that he told her to fabricate it. We find no merit in the argument under the facts of this case. The fact that the appellant told his spouse to tell the story must be allowed into evidence, or else, as a practical matter, the spousal communication remains privileged, even though it is intended for communication. To illustrate, the distinction in this case is the difference between "I told the police . . ." and "He told me to tell the police. . . ." The statement "I told the police . . .," standing alone, is not a spousal communication, and is not subject to the privilege under any condition. The statement "He told me to tell . . ." is the predicate or the foundation by which the witness establishes that the remainder of the statement is exempt from the privilege since it establishes the intention to disclose to third persons.

The appellant next contends that the trial court erred, for a number of reasons, in instructing the jury on the enhanced penalty for the use of a firearm in the commission of a crime. Ark. Stat. Ann. § 41-1004 (Supp. 1983) provides:

(1) If a defendant is convicted of a felony and the trial

court finds that the person so convicted employed a firearm in the course of or in furtherance of the felony, . . . the maximum permissible sentence otherwise authorized by Section 901 (§ 41-901) or Section 1001 (§ 41-1001) shall be extended by fifteen (15) years.

Murder in the first degree is a class Y felony which carries the penalty of 10 to 40 years, or life. Ark. Stat. Ann. § 41-901 (Supp. 1983). Therefore, under § 41-1004 the maximum term would be increased from 40 to 55 years.

Appellant contends that the enhancement statute violates several of his constitutional rights. First, he argues that the statute deprives him of the right to a jury trial. The statute does provide that the use of a firearm must be determined by the trial court. *See Shockley* v. *State*, 282 Ark. 281, 668 S.W.2d 22 (1984). The trial judge made a preliminary ruling that there was sufficient evidence to instruct on the issue and then submitted three verdict forms to the jury—guilty of murder in the first degree with the use of a firearm, guilty of murder in the first degree without the use of a firearm, and not guilty. The jury returned the verdict form guilty of murder in the first degree with the use of a firearm. Thus, the jury reached the determination on the use of the firearm, and the appellant was not deprived of the right to a jury trial.

Appellant next contends that the trial court unconstitutionally commented on the evidence when it instructed the jury that it could consider the use of a firearm for enhancement purposes. The challenged instruction merely set out the law applicable to the issue, and it did not advise the jury that any presumption had been established by the evidence adduced. It was not a charge with regard to a matter of fact. *See Dawson* v. *Pay Less Shoes #904 Co.*, 269 Ark. 23, 598 S.W.2d 83 (1980).

Appellant's third contention is that the statute violated the equal protection clause because the trial judge could present the issue to the jury in different ways which would result in variations of treatment among similarly situated defendants. In *Rawls* v. *State*, 260 Ark. 430, 431, 541 S.W.2d 298 (1976), we stated that "in view of the ever-increasing number of felonies committed by means of firearms, the legislature was justified in specifying an

additional penalty for those offenses." Therefore, there is a rational basis for different classes created under the statute, and it does not violate the equal protection clause.

The appellant next contends that the pleadings gave him no notice of enhancement. This argument was meritless because the information alleged appellant killed Johnson with a .38 caliber revolver. Appellant had notice of the firearm issue and that the State could ask for an enhancement.

Appellant also contends that the enhancement statute is void for vagueness. We have already ruled that that argument is without foundation. *Jordon* v. *State*, 274 Ark. 572, 626 S.W.2d 947 (1982).

Appellant's last contention is that a life sentence cannot be enhanced. Since appellant received a 35 year sentence, not life, he does not have standing to argue the point.

Appellant's next point of appeal is that the trial court erred in refusing to grant a directed verdict. A motion for a directed verdict is a challenge to the sufficiency of the evidence, not the nature or character of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982). It is proper only when no issue of fact exists. *Coleman* v. *State*, 283 Ark. 359, 676 S.W.2d 736 (1984). On appeal, this court reviews the evidence in the light most favorable to the appellee and affirms if there is any substantial evidence to support the verdict. *Coleman* v. *State, supra.* Only the testimony in support of the verdict need be considered. *Brown* v. *State*, 278 Ark. 604, 648 S.W.2d 67 (1983).

There was evidence that appellant shot Johnson. Several witnesses testified that they saw the shooting and appellant admitted doing it. Premeditation and deliberation can be inferred from the circumstances, such as the character of the weapon used, the manner in which it was used, the nature, extent and location of the wounds inflicted, and the conduct of the accused. *McLemore* v. *State*, 274 Ark. 527, 529, 626 S.W.2d 364 (1982). There was testimony that before he shot Johnson appellant stated that he intended to kill him. At the time of the shooting, Johnson was 7 to 8 feet from the appellant. Appellant shot Johnson in the chest with a .38 caliber revolver. Johnson was unarmed. Appellant admitted that Johnson was not threatening him. The trial judge correctly denied the motion for a directed verdict.

Appellant's next point is that the court erred in allowing a layman, who had been drinking beer, to give his opinion about appellant's state of intoxication. He recognizes that lay persons and police officers have been allowed for some time to give an opinion regarding intoxication. *See* Unif. R. Evid. 701 and *Berry v. City of Springdale*, 238 Ark. 328, 381 S.W.2d 745 (1964). He argues, however, that this particular witness's powers of observation were distorted by his consumption of beer. The fact that the witness had consumed some beer goes to the weight to be given his testimony and not to its admissibility. The trial judge was correct.

Appellant next contends that the trial court erred in refusing to give one of his proposed instructions. The appellant offered a modification of AMCI 4105 which would have read in pertinent part:

A person is not justified in using deadly physical force if he knows that the use of deadly physical force can be avoided by retreating. However, he is not required to retreat if he is in his dwelling or *on his curtilage* and was not the original aggressor. (Emphasis added to show modification.)

AMCI 4105 is based upon Ark. Stat. Ann. § 41-507(2)(a), which provides in part:

(2) A person may not use deadly physical force in self defense if he knows that he can avoid the necessity of using that force with complete safety:

(a) by retreating, except that a person is not required to retreat if he is *in his dwelling* and was not the original aggressor, or if he is a law enforcement officer or a person assisting at the direction of a law enforcement officer;

Ark. Stat. Ann. § 41-501(2) defines "dwelling" as an enclosed space that is used or intended to be used, on a temporary or permanent basis, as a human habitation, home or residence. The AMCI instruction represents an accurate statement of the Arkansas law.

Last, appellant contends that the trial court erred in allowing the results of a breathalyzer test into evidence. He asserted the defense of voluntary intoxication. We have held that

voluntary intoxication is a defense to specific intent crimes if the defendant's drunkenness negated the required intent. *Varnedare* v. *State*, 264 Ark. 596, 573 S.W.2d 57 (1978). Murder requires culpability. Ark. Stat. Ann. § 41-1502(1)(b) (Repl. 1977). Hence, the defense would be available for this charge.

The breathalyzer test was given 1½ to 2½ hours after the shooting. The result was .0% blood alcohol content. The longer the period of time between drinking and taking the test, the more the blood alcohol content decreases. *Munn* v. *State*, 257 Ark. 1057, 521 S.W.2d 535 (1975). Appellant contends that the breath test was administered over two hours after the shooting, and therefore, was inadmissible as a matter of law. We do not consider the argument since no objection to the evidence was made on the basis of a statutory time limitation. See Ark. Stat. Ann. § 75-1031.1 (Supp. 1983) and *Elam* v. *State*, 286 Ark. 174, 690 S.W.2d 352 (1985). Where the issue raised by an appellant was not preserved with an objection at trial, we will not consider the point on appeal. *Warren* v. *State*, 272 Ark. 231, 613 S.W.2d 97 (1981).

An objection was raised to the admission of the test because the examining officer did not observe appellant for a full 20 minutes before administering the test. There was some evidence, however, indicating that the officers collectively observed appellant for more than 20 minutes. Substantial compliance with this health department regulation is all that is required. Collective observation is sufficient. *See Sparrow* v. *State*, 284 Ark. 396, 683 S.W.2d 218 (1985). Further, even if appellant had been observed only while being tested, and even if it were error to admit the result of such a test, the error would not be prejudicial in this case. That is because the expert witness testified that the reason for the 20 minute observation period is to make certain that the person taking the test has not ingested any alcohol or other substance which would cause the breathalyzer to register a distortedly high result. The expert witness was not aware of any substance which would cause the machine to register a distortedly low result. The test result was .0% alcohol content. Thus, the appellant could not possibly have ingested any substance which caused the test to register too high. The 20 minute observation period is therefore immaterial.

Affirmed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. I agree with the result but not with the treatment of the prior conviction. David pleaded guilty to the crime of forgery; the plea was accepted but the court suspended imposition of a sentence. The majority holds that that is not a conviction but may be used for impeachment purposes under Rule 609. I find it is a conviction.

The purpose of Ark. Stat. Ann. § 41-1201 is to allow expungement or a clean record for persons worthy of suspension or probation. See Commentary to Ark. Stat. Ann. § 41-1201. To fulfill that purpose the statute prohibits a judge from *entering* a judgment of conviction under certain circumstances. See Ark. Stat. Ann. § 41-1201 (3). The statute does not purport to determine what is and what is not a conviction for *all* purposes. See e.g. *Finley* v. *State*, 282 Ark. 146, 666 S.W.2d 701 (1981), which holds that a determination that a persons committed a felony is a conviction under Ark. Stat. Ann. § 41-3103 (Repl. 1977).

The question before us is whether this is a conviction for purposes of Rule 609. It undoubtedly is since provision is made in the rules to prevent the use of convictions which have been the subject of pardons, annulments or certificates of rehabilitation. See Unif. R. Evid. 609(c). The conviction in this case has not been expunged so it remains one for purposes of impeachment.