Mr. James C. Pledger, Director Department of Finance and Administration P.O. Box 3278 Little Rock, Arkansas 72203-3278
Dear Mr. Pledger:
This is in response to your request for an opinion regarding Section 1804 of the Federal Crime Control Act of 1990, which is codified at 42 U.S.C. § 3756(f). This federal statute provides that, in order for states to continue to receive full Federal funding under the Edward Byrne Memorial State and Local Law Enforcement Assistance Formula Grant Program in Fiscal Year 1994, they must require testing programs for detecting the human immunodeficiency virus (HIV) in certain sex offenders. Enclosed with your request is a copy of a pamphlet prepared by the Bureau of Justice Assistance (BJA) entitled "Testing Certain Offenders for Human Immunodeficiency Virus: Guidance for States on Section 1804 Requirements." You have asked that I render an opinion on whether the laws of Arkansas are in compliance with the requirements in Section 1804 of the Federal Crime Control Act of 1990. (hereafter referred to as Section 1804)
After reviewing Section 1804 and the pamphlet prepared by the Bureau of Justice Assistance, it is my opinion that Act 616 of 1993, which is codified at A.C.A. 16-82-101(d)(1) — (5) (Cum. Supp. 1993), together with the provisions codified at A.C.A.20-15-901 to -902, place Arkansas in compliance with the requirements of Section 1804.
The Section 1804 standards, as set forth on pages 4-6 of the Bureau of Justice Assistance pamphlet, can be summarized as follows:
 1. "The State statute must require that the State make mandatory the testing process at the request of any victim of a sexual act (as defined below) for which the person to be tested was convicted in State court."
 2. "The State statute must provide for an agency of the State to direct the test to be administered, although the actual physical testing may be delegated to another, such as a physician, laboratory, etc. . . . . The State statute must direct that the procedure itself specifically test for the presence of the etiologic agent for AIDS, or HIV."
 3. "[T]he State statute must provide that any person `convicted under State law' of a sexual act is obliged to be tested for AIDS or its HIV precursor at the victim's request. This includes persons entering pleas of guilty to a criminal sexual act (as hereafter defined), as well as those being found guilty following a jury trial or a trial to the court."
 4. "The State statute must provide for the disclosure, at the request of the victim, of the test results to both the victim and the person convicted."
 5. The State statutes are required to include a provision "for making certain services available to the victims of these sexual acts at their request. These services are: 1. counseling regarding HIV disease; 2. HIV testing in accordance with applicable law; and 3. referral for appropriate health care and support services. . . . . Section 1804 implies that these services are to be provided at the expense of State or local governments, rather than at the victim's expense. State offices administering the Edward Byrne Memorial State and Local Law Enforcement Assistance Formula Grant Program should be prepared to inform BJA as to the sources of the funds to pay for these services and the authority therefore."
 6. The term "convicted" must include adjudicated under juvenile proceedings.
 7. The term "sexual act" should be generally consistent with the sexual offenses covered in 18 U.S.C. § 2245(2)(A) or (B).
Bureau of Justice Assistance, "Testing Certain Offenders for Human Immunodeficiency Virus: Guidance for States on Section 1804 Requirements," pp. 4-6 (April 1992).
The primary state statute which I believe places Arkansas in compliance with the standards of Section 1804 is codified at A.C.A. 16-82-101 (Cum. Supp. 1993), which provides the following:
 (a) A person with Acquired Immunodeficiency Syndrome (AIDS) or who tests positive for the presence of Human Immunodeficiency Virus (HIV) antigen or antibodies is infectious to others through the exchange of body fluids during sexual intercourse and through the parenteral transfer of blood or blood products and under these circumstances is a danger to the public.
 (b)(1) Any person arrested and charged with violating 5-14-103 — 5-14-109, 5-14-120 — 5-14-122, and 5-70-102 may be required by the court having jurisdiction of the criminal prosecution, upon a finding of reasonable cause to believe that the person committed the offense and subject to constitutional limitations, to be tested for the presence of HIV or any antibody to HIV, unless the court determines that testing the defendant would be inappropriate and documents the reasons for that determination in the court record.
 (2) The test shall be confidentially administered by a licensed physician, the Department of Health, or a local health department.
 (c) If the victim or person with whom the defendant engaged in sexual penetration during the course of the crime consents, the court shall provide the person or agency administering the test with the name, address, and telephone number of the victim or person with whom the defendant engaged in sexual penetration during the course of the crime. After the defendant is tested as to the presence of HIV or an antibody to HIV, the person or agency administering the test shall immediately provide the test results to the victim or person with whom the defendant engaged in sexual penetration during the course of the crime, and shall refer the victim or other person for appropriate counseling.
 (d)(1) It shall be mandatory that upon request of the victim, and conviction of the defendant, a court of competent jurisdiction shall order the convicted person to submit to testing to detect in the defendant the presence of the etiologic agent for acquired immunodeficiency syndrome or human immunodeficiency virus.
(2) For purposes of this subsection:
 (A) The term "convicted" includes adjudicated under juvenile proceedings; and
 (B) The term "sexual offense" shall mean those offenses enumerated in subdivision (b)(1) of this section.
 (3) The testing of a person convicted of a sexual offense as enumerated in subdivision (b)(1) of this section shall be conducted by the Arkansas Department of Health upon an order of a circuit court.
 (4) The results of any tests performed pursuant to this subsection shall immediately be released to the victim and to the defendant; otherwise, the results of any tests performed shall be confidential and not subject to disclosure as public information under the Freedom of Information Act, 25-19-101 et seq.
(5) Any victim of a sexual offense as enumerated in subdivision (b)(1) of this section shall, upon request of the victim, receive:
(A) Appropriate counseling;
 (B) Human immunodeficiency virus testing; and
 (C) Referral or delivery for appropriate health care and support services. [Emphasis added.]
Act 616 of 1993 amended A.C.A. 16-82-101 to add subsection (d), as set forth above. The other state statutory provisions which in my opinion help meet the standards of Section 1804, together with A.C.A. 16-82-101, appear at A.C.A. 20-15-901 to -902. The provision codified at A.C.A. 20-15-901 (Repl. 1991) provides the following:
 (a) The Department of Health shall institute an acquired immune deficiency syndrome (AIDS) testing program whereby any citizen may be tested for the virus without charge.
 (b) The program shall be so devised as to maintain secrecy as to the identification of persons voluntarily participating in the program. [Emphasis added.]
Additionally, A.C.A. 20-15-902 (Repl. 1991) provides the following:
 The Department of Education, the University of Arkansas for Medical Sciences, and the Department of Health shall jointly provide counseling and shall also conduct public seminars designed to educate the public regarding acquired immune deficiency syndrome (AIDS). [Emphasis added.]
With regard to the requirement that the state statute "either specifically or by definitional inclusion encompass persons found guilty of the offense by a jury or court, as well as those entering a pleas of guilty," (as appears on page ii of the worksheet located in the appendix to the Bureau of Justice Assistance pamphlet), it is my opinion that the statute codified at A.C.A. 16-82-101(d) meets this requirement. This opinion is based on Arkansas case law which holds that the term "conviction," in varying contexts, includes pleas of guilty. See e.g. David v. State, 286 Ark. 205, 691 S.W.2d 133 (1985); Jones v. State, 297 Ark. 485, 763 S.W.2d 81 (1989); Campbell v. State, 300 Ark. 570, 781 S.W.2d 14 (1989). Thus, it is my opinion that, by "definitional inclusion," the term "conviction," as appears in A.C.A. 16-82-101(d)(1), includes those persons who plead guilty to the sexual offenses listed in A.C.A. 16-82-101(b)(1).
In sum, it is my opinion that A.C.A. 16-82-101(d)(1) — (5),20-15-901 to -902, and Arkansas case law construing the term "conviction" place Arkansas in compliance with Section 1804 of the Federal Crime Control Act of 1990.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh